J-S66024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT EARL MORGAN, | : | |
| | : | |
| Appellant | : | No. 331 MDA 2014 |

Appeal from the PCRA Order Entered January 16, 2014,
In the Court of Common Pleas of Lackawanna County,
Criminal Division, at Nos. CP-35-CR-0002059-2010
and CP-35-CR-0003420-2010.

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 25, 2014**

Appellant, Robert Earl Morgan, appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. For the following reasons, we remand for the filing of a Pa.R.A.P. 1925(b) statement and a PCRA court opinion pursuant to Pa.R.A.P. 1925(a).

We summarize the procedural history of this case as follows. In a criminal information filed at docket number 2010 CR 2059, Appellant was charged with one count each of possession of a controlled substance, possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and criminal conspiracy. In a criminal information filed at docket number 2010 CR 3420, Appellant was charged with one count

each of delivery of a controlled substance and criminal use of a communication facility. On December 17, 2010, Appellant pled guilty to one count each of possession of a controlled substance with intent to deliver, delivery of a controlled substance, and criminal use of a communication facility. On March 15, 2011, the trial court sentenced Appellant to serve an aggregate term of incarceration of seventy-three to 156 months, to be followed by six years of probation. Thereafter, Appellant filed a motion for reconsideration of sentence. On July 22, 2011, the trial court granted Appellant's motion to reconsider, vacated its previously imposed sentence, and sentenced Appellant to an aggregate term of incarceration of sixty-six to 144 months followed by six years of probation. Appellant did not file a direct appeal.

On February 14, 2012, Appellant, acting *pro se*, filed the instant PCRA petition. On June 11, 2012, the trial court appointed PCRA counsel to represent Appellant. On June 11, 2013, appointed counsel filed with the PCRA court a petition to withdraw as counsel, a **Turner/Finley** letter,[1] and a copy of the letter addressed to Appellant advising Appellant of counsel's request to withdraw and Appellant's right to retain private counsel or to proceed *pro se*. On January 16, 2014, the PCRA court entered orders

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

dismissing Appellant's PCRA petition and granting counsel permission to withdraw. Appellant, *pro se*, filed a timely notice of appeal.

On February 27, 2014, the PCRA court appointed counsel to represent Appellant in this appeal. In addition, the PCRA court's order of February 27, 2014, directed that a Pa.R.A.P. 1925(b) statement be filed within twenty-one days. Thus, Appellant's Pa.R.A.P. 1925(b) statement was due on or before March 20, 2014. Thereafter, in an order dated April 1, 2014, and entered on April 2, 2014, the PCRA court granted PCRA counsel an extension of time of twenty-one days in which to file a Pa.R.A.P. 1925(b) statement. Accordingly, Appellant's Pa.R.A.P. 1925(b) statement was due on or before April 23, 2014. However, Appellant's counsel untimely filed a Pa.R.A.P. 1925(b) statement on June 16, 2014. The PCRA court has not prepared an opinion pursuant to Pa.R.A.P. 1925(a).[2]

Appellant now presents the following issue for our review:

I. WHETHER THE APPELLANT'S PCRA RIGHTS WERE DENIED WHERE HIS PCRA WAS DISMISSED PURSUANT TO A TURNER-FINLEY LETTER, HOWEVER, THE LOWER COURT FAILED TO GIVE NOTICE OF WHY IT WAS DISMISSING THE PCRA AND FAILED TO GIVE THE APPELLANT TIME IN WHICH TO ANSWER THE PROPOSED DISMISSAL?

---

[2] We note that in a letter dated April 7, 2014, the Deputy Prothonotary of the Superior Court alerted Judge Michael J. Barrasse of a "missing item" in the certified record required by Pa.R.A.P. 1925(a), that being the lower court's Pa.R.A.P. 1925(a) opinion, and asked Judge Barrasse to submit a supplemental record with the missing item by April 21, 2014. Such has never been received by this Court.

Appellant's Brief at 5. Before we address the merits of the issue presented, we first consider the ramifications of Appellant's failure to file a timely Pa.R.A.P. 1925(b) statement and the lower court's failure to prepare a Pa.R.A.P. 1925(a) opinion.

We are mindful that, in **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived. In **Commonwealth v. Butler**, 812 A.2d 631 (Pa. 2002), the Court further expanded on the **Lord** holding, stating that waiver automatically applies when a Pa.R.A.P. 1925(b) statement is not filed or if an issue is not included in the Pa.R.A.P. 1925(b) statement, even when the question of waiver has not been raised by the other party, and even when the trial court has chosen to overlook the failure by addressing the issues it assumed would be raised. However, our Supreme Court amended Pa.R.A.P. 1925 and added a procedure for appellate courts to rectify a criminal appellant's failure to file a Pa.R.A.P. 1925(b) statement.

The pertinent part of the amended rule is found in subsection (c)(3), and provides as follows:

> (3)   If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate

court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). The official note to subsection (c)(3) provides the following additional guidance:

This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement. It is thus narrower than (c)(2), above. Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness. ***See, e.g., Commonwealth v. Halley***, 582 Pa. 164, 172, 870 A.2d 795, 801 (2005); ***Commonwealth v. West***, 883 A.2d 654, 657 (Pa. Super. 2005). Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and *per se*, the court in ***West*** recognized that the more effective way to resolve such *per se* ineffectiveness is to remand for the filing of a Statement and opinion. ***See West***, 883 A.2d at 657. The procedure set forth in ***West*** is codified in paragraph (c)(3). As the ***West*** court recognized, this rationale does not apply when waiver occurs due to the *improper* filing of a Statement. In such circumstances, relief may occur only through the post-conviction relief process and only upon demonstration by the appellant that, but for the deficiency of counsel, it was reasonably probable that the appeal would have been successful. An appellant must be able to identify *per se* ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate *per se* ineffectiveness is entitled to a remand. Accordingly, this paragraph does not raise the concerns addressed in ***Johnson v. Mississippi***, 486 U.S. 578, 588-89 (1988) (observing that where a rule has not been consistently or regularly applied, it is not--under federal law--an adequate and independent state ground for affirming petitioner's conviction.)[.]

Pa.R.A.P. 1925 at Note (2007). Accordingly, notwithstanding the decisions in ***Lord*** and ***Butler***, pursuant to the amended version of Pa.R.A.P. 1925, the

complete failure by counsel to file a Pa.R.A.P. 1925(b) statement, as ordered, is presumptively prejudicial and clear ineffectiveness, and this Court is directed to remand for the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc* and for the preparation and filing of an opinion by the lower court.

An *en banc* panel of this Court subsequently clarified, in the following discussion, that the same rationale applies for untimely filings:

> The complete failure to file the [Pa.R.A.P.] 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Thus untimely filing of the [Pa.R.A.P.] 1925 concise statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel from which appellants are entitled to the same prompt relief.
>
> * * *
>
> [I]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.

***Commonwealth v. Burton***, 973 A.2d 428, 432-433 (Pa. Super. 2009) (*en banc*) (footnote omitted).

Instantly, appointed counsel was ineffective *per se* because he filed the Pa.R.A.P. 1925(b) statement in an untimely manner. ***Burton***, 973 A.2d at 433. In addition, the PCRA court failed to prepare an opinion pursuant to

Pa.R.A.P. 1925(a). Consequently, we are compelled to remand for the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc* within thirty days of the date this memorandum decision is filed, and for the preparation of a Pa.R.A.P. 1925(a) opinion by the PCRA court, to be filed with this Court within forty-five days thereafter.[3]

Remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.

---

[3] ***See Commonwealth v. Scott***, 952 A.2d 1190, 1192 (Pa. Super. 2008) (retaining jurisdiction when remanding for the filing of a Rule 1925(b) statement and preparation of a trial court opinion).