J. S69018/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHARLES E. SMITH, JR., | : | No. 3272 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 17, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0610411-1997

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND STABILE, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　**FILED DECEMBER 12, 2014**

Charles E. Smith, Jr., appeals, ***pro se***, from the order of October 17, 2013, dismissing his serial PCRA[1] petition as untimely.  We affirm.

Appellant was convicted on September 18, 2000, on charges of aggravated assault, burglary, criminal trespass, possession of an instrument of crime ("PIC"), and two counts each of simple assault and recklessly endangering another person ("REAP").  The charges related to the May 1997 assault of appellant's ex-girlfriend and her three-year-old daughter.  On October 31, 2000, appellant was sentenced to an aggregate term of 25 to 50 years' imprisonment.  On March 6, 2002, this court affirmed the judgment of sentence.  ***Commonwealth v. Smith***, No. 3314 EDA 2000,

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

unpublished memorandum (Pa.Super. filed March 6, 2002). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Appellant filed his first PCRA petition on May 19, 2004. Counsel was appointed, and filed a **Turner**/**Finley** "no merit" letter.[2] On January 7, 2005, appellant's PCRA petition was dismissed as untimely and counsel was permitted to withdraw. Appellant filed a timely **pro se** notice of appeal; however, we dismissed the appeal on September 7, 2005, for failure to file a brief.

Thereafter, appellant filed a second **pro se** PCRA petition on October 24, 2005. Appellant's second petition was also dismissed as untimely on September 15, 2006. Appellant filed a timely **pro se** notice of appeal, and on February 4, 2008, this court affirmed, concluding that the PCRA court correctly determined it had no jurisdiction because appellant's second PCRA petition was untimely filed. **Commonwealth v. Smith**, No. 3030 EDA 2006, unpublished memorandum (Pa.Super. filed February 4, 2008).

Appellant filed the instant petition, his third, on May 21, 2012, and a supplemental petition on August 13, 2012. On February 6, 2013, the PCRA

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

court issued Rule 907[3] notice of its intention to dismiss the petition without a hearing within 20 days on the basis of untimeliness. Appellant did not file any response; and on October 17, 2013, the petition was dismissed. A timely *pro se* notice of appeal was filed on October 31, 2013. On November 14, 2013, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. The criminal docket indicates that appellant was served with the order via first-class mail at his prison address at SCI-Greene. Appellant did not file a Rule 1925(b) statement. On February 20, 2014, the PCRA court issued a Rule 1925(a) opinion, noting appellant's failure to comply with its Rule 1925 order. (PCRA court opinion, 2/20/14 at 2.) Nevertheless, the PCRA court went on to address appellant's claims, explaining why his petition is untimely and does not satisfy any exception to the PCRA's jurisdictional one-year time bar.

> In 1998, our Supreme Court held that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925." *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998). Subsequently, in *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005), the Supreme Court affirmed its holding in *Lord*, ruling that a failure to file a 1925(b) statement within 14 days[Footnote 8] after entry of an order requesting the statement, regardless of the length of the delay, results in automatic waiver.

---

[3] Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A.

> [Footnote 8] ***Lord*** and ***Castillo*** examined the application of the previous version of Pa.R.A.P. 1925. Under that version, when the trial court entered an order directing the appellant to file a concise statement, the appellant had only 14 days to file the statement. Pa.R.A.P. 1925(b) (2007).

***Commonwealth v. Thompson***, 39 A.3d 335, 338 (Pa.Super. 2012) (additional footnotes omitted).

Instantly, the record clearly indicates that appellant failed to comply with the trial court's Rule 1925 order. While appellant claims that he filed a concise statement (appellant's brief at 3), none appears anywhere in the certified record, nor did he attach any such statement to his brief as required by Pa.R.A.P. 2111(d). As such, appellant has waived all issues on appeal.

We further note that because appellant is ***pro se***, the remand procedure added to Rule 1925 in 2007 does not apply. ***See*** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.") (codifying the procedure established by this court in ***Commonwealth v. West***, 883 A.2d 654 (Pa.Super. 2005)); ***see also Commonwealth v. Burton***, 973 A.2d 428 (Pa.Super. 2009) (***en banc***)

(extending the remedy in Rule 1925(c)(3) to untimely Rule 1925 concise statements).

In addition, this is an appeal from denial of a serial PCRA petition. Our supreme court has held that the procedure devised in **West**, **supra**, as codified in Rule 1925(c)(3), does not apply to PCRA appeals. **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011).

For these reasons, we affirm the order of the PCRA court dismissing appellant's petition, albeit on different grounds. We affirm the order of the PCRA court based on waiver under Rule 1925(b).

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/12/2014</u>