**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Mark WEST, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 2005.

Filed Sept. 9, 2005.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. District Atty., Philadelphia, for Com., appellee.

BEFORE: JOYCE, LALLY–GREEN, and KLEIN, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Mark West, appeals from the judgment of sentence entered on July 14, 2004. In this case, we must determine the proper remedy when a defendant alleges counsel's ineffectiveness for failure to file a Concise Statement of Matters Complained of on Appeal under Pa.R.A.P. 1925. Given our Supreme Court's recent pronouncement in *Commonwealth v. Halley*, 870 A.2d 795 (Pa.2005), we hold that the proper remedy is to remand for the filing of a Concise Statement.

¶ 2 The trial court stated the factual and procedural history as follows:

On June 7, 2004, appellant pled guilty to aggravated assault, graded as a felony of the first degree, possession of an instrument of crime and murder generally. A degree of guilt hearing was held over the next two days with regard to the murder bill, after which this court found that the Commonwealth had proved appellant guilty of first-degree murder.

On July 14, 2004, this court sentenced appellant to life imprisonment on the murder bill and concurrent five (5) to ten (10) and two-and-a-half (2½) to five (5) year prison terms on the assault and weapons bills, respectively.

Appellant thereafter filed a timely Notice of Appeal to the Superior Court. . . .

Trial Court Opinion, 11/12/04, at 1 (footnote omitted).

¶ 3 On July 29, 2004, the trial court ordered Appellant's trial counsel, the Defender Association of Philadelphia, to file a Concise Statement. On August 16, 2004, counsel filed a "preliminary" Concise Statement. In this preliminary statement, counsel set forth no issues for appeal. Counsel requested an extension of time, measured 14 days from the receipt of all transcripts, to file the Concise Statement. The trial court did not explicitly act on this request; however, the court did postpone issuing its Rule 1925 opinion.

¶ 4 According to the trial court, the notes of testimony were made available to counsel on August 18, 2004. By the terms of counsel's proposed extension of time, the Concise Statement would have been due on or about September 1, 2004. Counsel failed to file any supplemental concise statement.

¶ 5 More than two months later, on November 12, 2004, the trial court issued a Rule 1925 opinion. The court wrote that it "does not know what issues, if any, Appellant intends to raise on appeal and cannot write an opinion relating to any such issues." Trial Court Opinion, 12/12/2004, at 2. Nevertheless, the court wrote a brief opinion explaining that the evidence was sufficient to demonstrate specific intent to kill, which is necessary to sustain the verdict of first-degree murder. *Id.* The court also wrote: "there are no errors of law which would even remotely call for a new trial." *Id.*

¶ 6 Appellant, still represented by the Defender Association, raises two issues on appeal:

1) Was it not error for the degree of guilt hearing court to determine that appellant committed first degree murder where the evidence demonstrated that, when he fired the fatal shot, appellant's state of mind was such that he genuinely believed that he was the imminent target of a deadly threat?

2) Was not appellate counsel ineffective where appellate counsel neglected to file a Final Statement of Matters Complained of on Appeal, and should not appellant receive a new trial?

Appellant's Brief at 4.

■ ¶ 7 We will address Appellant's second issue first. Initially, we note that all of Appellant's issues on appeal are waived as a result of counsel's failure to file the Concise Statement under *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998) and its progeny. *Lord* provides that when the trial court orders an appellant to file a Concise Statement, any issues not set forth in that Concise Statement are deemed waived. *Id.* at 308. The trial court has no discretion but to find automatic waiver in such a situation. *Commonwealth v. Butler,* 571 Pa. 441, 812 A.2d 631, 633 (2002).[1]

■ ¶ 8 Appellant has alleged trial counsel's ineffectiveness for failing to file a substantive Concise Statement.[2] This claim of ineffectiveness implicates *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002) and its progeny. In *Grant,* our Supreme Court held that:

As a general rule, a petitioner should wait to raise claims of ineffective assis-

---

**1.** "[The Supreme] Court has allowed appeal in *Commonwealth v. Schofield,* 580 Pa. 4, 858 A.2d 1157 (2004), to reconsider *Lord's* strict waiver rule. Unless and until the Court modifies *Lord's* holding, however, it remains controlling law." *Halley,* 870 A.2d at 800 n. 3.

**2.** We note that the Defender Association is asserting its own ineffectiveness. This fact is not material to our analysis.

tance of trial counsel until collateral review.[14]

> 14 The general rule announced today is limited by the issues raised in this case. Appellant does not raise an allegation that there has been a complete or constructive denial of counsel or that counsel has breached his or her duty of loyalty. Under those limited circumstances, this court may choose to create an exception to the general rule and review those claims on direct appeal.
>
> . . .

*Id.* at 738 and n. 14.

¶ 9 Quite recently, in *Halley,* our Supreme Court unanimously held that:

> the failure to file a 1925(b) statement on behalf of a criminal defendant seeking to appeal his conviction and/or sentence, resulting in a waiver of all claims asserted on direct appeal, represents the sort of actual or constructive denial of assistance of counsel falling within the narrow category of circumstances in which prejudice is legally presumed. As indicated in [Com. v. ]*Lantzy*[, 558 Pa. 214, 736 A.2d 564 (1999) ], the remedy

for the deprivation of the fundamental right to appeal is its restoration.

*Id.* at 801.

¶ 10 We note that *Halley* was a PCRA case. Thus, the Supreme Court was not required to discuss whether the ineffectiveness claim should be deferred to the PCRA under *Grant.* Nevertheless, the impact of *Halley* on *Grant* could not be more clear. Under the reasoning of *Halley,* counsel's unjustified failure to file a Concise Statement represents a complete or constructive denial of counsel, where prejudice is presumed. Under *Grant,* such a clear-cut claim may be heard on direct appeal, rather than be deferred to the PCRA. Given the decision in *Halley,* it would be a pointless exercise to defer this claim to the PCRA for an examination of the traditional three-pronged ineffectiveness test. Thus, we will not defer Appellant's ineffectiveness claim to the PCRA.[3]

¶ 11 The next question is the proper remedy. Under *Halley,* "the remedy for the deprivation of the fundamental right to appeal is its restoration." *Halley,* 870 A.2d at 801. Where counsel has failed to file a substantive Concise Statement, the most effective means of restoring the defendant's appellate rights is to remand for counsel to file a Concise Statement.[4]

---

3. The parties cite to a number of recent cases from this Court discussing the interplay between *Lord* and *Grant. See, Commonwealth v. Wade,* 867 A.2d 547 (Pa.Super.2005); *Commonwealth v. Butler,* 845 A.2d 866 (Pa.Super.2004), *appeal denied,* 864 A.2d 1202 (Pa. 2004); and *Commonwealth v. Dent,* 837 A.2d 571 (Pa.Super.2003), *appeal denied,* 863 A.2d 1143 (Pa.2004). *Wade* and *Dent* are distinguishable because those cases addressed ineffectiveness for failure to raise an arguably meritorious claim in an otherwise-proper Concise Statement. In the instant case, counsel filed no substantive Concise Statement at all. In *Butler,* this Court deferred to the PCRA a claim of trial counsel's ineffectiveness for failure to file a concise statement. While *Butler* would appear to control the instant case, we decline to follow *Butler* in light of our Supreme Court's more recent pronouncement in *Halley.*

4. We have considered, and rejected, the prospect of addressing Appellant's sufficiency claim on the merits at this time. We recognize that it may seem more efficient to do so, since: (1) Appellant has raised only one issue (sufficiency); (2) the trial court has already issued a brief but somewhat-helpful opinion on this issue; and (3) the issue of sufficiency is essentially a pure question of law. Nevertheless, we believe that the more prudent course is to remand, so that counsel and client may explore all available issues on appeal.

*See, id.*

■ ¶ 12 We recognize that, at first blush, *Halley* appears to undermine the strong commands of *Lord* and *Grant.* This is simply not the case. The *Halley* rule applies only where counsel has completely failed to file a substantive Concise Statement, resulting in a waiver of all issues.[5] *Halley,* 870 A.2d at 801. In those extreme circumstances, where counsel has effectively abandoned his or her client and cannot possibly be acting in the client's best interests, our Supreme Court has held that the risk should fall on counsel, and not the client. We also note that the general rules of *Lord* and *Grant* retain their strength for a myriad of other purposes.

¶ 13 For the reasons set forth above, we remand for the filing of a Concise Statement of Matters Complained of on Appeal under Pa.R.A.P. 1925 within 30 days of the date of this Opinion, and for a supplemental opinion to be filed with this Court 30 days thereafter. We decline to require the trial court to appoint new counsel, although the court may do so if necessary.

¶ 14 Remanded for further proceedings consistent with this Opinion. Panel jurisdiction retained.

---

**5.** Where counsel elects to pursue certain issues in the Concise Statement and omit others, the general rules will apply. *See, Halley,* 870 A.2d at 801.