J-S12025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFF LAVALLIERE, | |
| Appellant | No. 1056 EDA 2014 |

Appeal from the Judgment of Sentence March 14, 2014,
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000137-2013, CP-51-CR-0000139-2013

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 27, 2015**

Appellant, Jeff Lavalliere, appeals from the judgment of sentence entered following his convictions at docket number CP-51-CR-0000137-2013 of one count each of simple assault, possessing instruments of crime ("PIC"), and recklessly endangering another person ("REAP"), and at docket number CP-51-CR-0000139-2013 of one count of REAP. For the following reasons, we remand for the filing of a Pa.R.A.P. 1925(b) statement, a trial court opinion pursuant to Pa.R.A.P. 1925(a), and the issuance of a new briefing schedule.

_____

[*] Former Justice specially assigned to the Superior Court.

At the conclusion of a nonjury trial, Appellant was convicted of the crimes stated above. On January 21, 2014, Appellant filed a motion for judgment of acquittal, which the trial court denied on March 14, 2014. Also on that date, at docket number CP-51-CR-0000137-2013, the trial court sentenced Appellant to serve a term of probation of two years on the conviction of simple assault, a term of probation of three years on the conviction of PIC, and no further penalty on the conviction of REAP. At docket number CP-51-CR-0000139-2013 the trial court sentenced Appellant to serve a term of probation of two years on the conviction of REAP. All probationary terms were ordered to be served concurrently. On April 2, 2014, Appellant filed a timely notice of appeal.

On May 29, 2014, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. Thus, Appellant's Pa.R.A.P. 1925(b) statement was due on or before June 19, 2014. However, Appellant's counsel never filed a timely Pa.R.A.P. 1925(b) statement. On June 24, 2014, the trial court issued an opinion, which highlighted Appellant's failure to file a Pa.R.A.P. 1925(b) statement and indicated that all issues have been waived for purposes of appeal. Coincidentally, Appellant's counsel untimely filed a Pa.R.A.P. 1925(b) statement on June 24, 2014.

Appellant has presented the following issues for our review:

I. Whether the trial court abused its discretion by dismissing [Appellant's] appeal where [Appellant] timely filed a statement

of errors upon receiving notification of a request to file the statement.

II. Whether [Appellant's] conviction for simple assault, reckless endangerment of another person, and possession of an instrument of crime should be vacated where the evidence at trial was legally insufficient to support the convictions?

III. Whether [Appellant's] conviction for simple assault and possession of an instrument of crime should be vacated because the conviction is against the weight of the evidence and [Appellant] was acquitted of aggravated assault?

IV. Whether [Appellant's] conviction for reckless endangerment of another person should be vacated because it is against the weight of the evidence and [Appellant] was acquitted of aggravated assault?

V. Whether [Appellant's] conviction should be vacated because the trial court erred by failing to consider the character evidence of one of the witnesses?

VI. Whether [Appellant] should be granted a new trial because the verdict is inconsistent with the evidence presented at trial?

Appellant's Brief at 5-6. Before we address the merits of the issues presented, we first consider the ramifications of Appellant's failure to file a timely Pa.R.A.P. 1925(b) statement.

In *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived. In *Commonwealth v. Butler*, 812 A.2d 631 (Pa. 2002), the Court expanded upon *Lord*, holding that waiver automatically applies when a Pa.R.A.P. 1925(b) statement is not filed or if an issue is not included in the Pa.R.A.P. 1925(b) statement, even

when the question of waiver has not been raised by the other party and even when the trial court has chosen to overlook the failure by addressing the issues it assumed would be raised. However, our Supreme Court subsequently amended Pa.R.A.P. 1925 to include a procedure for appellate courts to follow when a criminal appellant's counsel fails to file a Pa.R.A.P. 1925(b) statement.

The pertinent part of the amended rule is found in subsection (c)(3), which provides as follows:

> (3)   If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).   The official note to subsection (c)(3) offers the following additional guidance:

> This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement. It is thus narrower than (c)(2), above. Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness. *See, e.g., Commonwealth v. Halley*, 582 Pa. 164, 172, 870 A.2d 795, 801 (2005); *Commonwealth v. West*, 883 A.2d 654, 657 (Pa. Super. 2005). Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and *per se*, the court in *West* recognized that the more effective way to resolve such *per se* ineffectiveness is to remand for the filing of a Statement and opinion. *See West*, 883 A.2d at 657. The procedure set forth in *West* is codified in paragraph (c)(3). As the *West* court recognized, this rationale does not apply when waiver occurs due to the *improper* filing of a Statement. In such

- 4 -

circumstances, relief may occur only through the post-conviction relief process and only upon demonstration by the appellant that, but for the deficiency of counsel, it was reasonably probable that the appeal would have been successful. An appellant must be able to identify *per se* ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate *per se* ineffectiveness is entitled to a remand. Accordingly, this paragraph does not raise the concerns addressed in **Johnson v. Mississippi**, 486 U.S. 578, 588-89 (1988) (observing that where a rule has not been consistently or regularly applied, it is not--under federal law--an adequate and independent state ground for affirming petitioner's conviction.)[.]

Pa.R.A.P. 1925, note (2007). Accordingly, notwithstanding the decisions in **Lord** and **Butler**, pursuant to the amended version of Pa.R.A.P. 1925, the complete failure by counsel to file a Pa.R.A.P. 1925(b) statement, as ordered, is presumptively prejudicial and clear ineffectiveness. In such cases, this Court is directed to remand for the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc* and for the preparation and filing of an opinion by the lower court.

An *en banc* panel of this Court subsequently clarified, in the following discussion, that the same rationale applies for untimely filings:

The complete failure to file the [Pa.R.A.P.] 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Thus untimely filing of the [Pa.R.A.P.] 1925 concise statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel from which appellants are entitled to the same prompt relief.

* * *

- 5 -

> [I]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.

***Commonwealth v. Burton***, 973 A.2d 428, 432-433 (Pa. Super. 2009) (*en banc*) (footnote omitted).

Instantly, appointed counsel was ineffective *per se* because he filed the Pa.R.A.P. 1925(b) statement in an untimely manner. ***Burton***, 973 A.2d at 433. In addition, although the trial court prepared an opinion pursuant to Pa.R.A.P. 1925(a), it indicated that all issues had been waived due to failure to file the Pa.R.A.P. 1925(b) statement by the time of preparation of the trial court's opinion. Consequently, we are compelled to remand for the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc*, and for the preparation of a Pa.R.A.P. 1925(a) opinion by the trial court.

Upon remand, the trial court is directed to order Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days of the trial court's receipt of the record from the Superior Court Prothonotary. The trial court shall then prepare and file a Pa.R.A.P. 1925(a) opinion within forty-five days of the filing of the Pa.R.A.P. 1925(b) statement. After the trial court's

certification of its decision, the Superior Court Prothonotary is directed to establish a new briefing schedule for the parties.[1]

Remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/27/2015

_____

[1] ***See Commonwealth v. Scott***, 952 A.2d 1190, 1192 (Pa. Super. 2008) (retaining jurisdiction when remanding for the filing of a Rule 1925(b) statement and preparation of a trial court opinion).