J-S24018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANKIE ROSADO, | |
| Appellant | No. 2474 EDA 2014 |

Appeal from the PCRA Order entered July 18, 2014,
in the Court of Common Pleas of Monroe County,
Criminal Division, at No(s): CP-45-CR-0000018-2012

BEFORE:  GANTMAN, P.J., ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED APRIL 17, 2015**

Frankie Rosado ("Appellant") appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and discussed in detail the procedural history as follows:

> On May 9, 2012, a jury convicted [Appellant] of Indecent Assault, Unlawful Contact with a Minor, and Corruption of a Minor.  On August 22, 2012, we sentenced [Appellant] to incarceration of not less than thirty-three months nor more than ninety-six months.
>
> Up through sentencing, [Appellant] was represented by an attorney ("Trial Counsel") in the Office of the Monroe County Public Defender.  Shortly after [Appellant] was sentenced, a private attorney ("Appellate Counsel") entered an appearance on behalf of [Appellant].  Appellate Counsel represented [Appellant] up through his direct appeal to Superior Court.

Appellate Counsel first filed a Motion to Modify Sentence with this Court. Apparently because he was not trial counsel and had not yet requested transcripts, Appellate Counsel used a shotgun approach framing the motion in which he challenged the discretionary aspects of the sentence, asserted that there was insufficient evidence to support the verdict, and alleged juror impropriety. The motion requested that we reduce the aggregate sentence to a "'low end' standard range sentence . . . and/or arresting judgment, for a new trial or, in the alternative, enter a judgment of acquittal based on the evidence adduced at trial." On September 10, 2012, we entered an order denying the motion.

Appellate Counsel filed an appeal ("Direct Appeal"). In response to our order requiring the filing of an appeal statement, Appellate Counsel filed a two-count [Pa.R.A.P.] Rule 1925(b) statement that again invoked the shotgun approach to pleading.

The first portion of the filing was styled as a "preliminary" Rule 1925(b) statement. Employing a construct that he had used before, Appellate Counsel attached and incorporated into the preliminary statement the Motion for Modification of Sentence that he had previously filed on behalf of [Appellant]. In addition, the preliminary statement specifically alleged that we abused our discretion in sentencing [Appellant], that we erred in precluding evidence that the victim had made prior claims of sexual abuse against her father, and that a juror had committed fraud on this Court. As discussed below, these assignments of error were later strategically abandoned.

The second portion of Appellate Counsel's filing was a petition that requested additional time within which to file a "final" statement after he received a transcript he had requested. The petition was based, in part, on the erroneous assertion that Appellate Counsel had paid for the transcript when, in actuality, payment had not yet been tendered. In response, we issued an order that directed [Appellant] to pay for the transcript within five days and granted him fifteen days from receipt of the transcript within which to file a supplemental Rule 1925(b) statement if full payment was made within the five[-]day period. Payment was timely rendered and Appellate

Counsel was promptly given the transcript he requested. However, no supplemental or "Final" statement was filed. Accordingly, we treated the "preliminary" statement as [Appellant's] only appeal statement.

On November 20, 2012, we issued an appeal opinion ("Prior Appeal Opinion") in which we found that the three claims specifically raised in [Appellant's] Rule 1925(b) statement were without merit and indicated our belief that [Appellant] waived any challenge to the weight or sufficiency of the evidence that he may be deemed to have raised. []

After Appellate Counsel had the opportunity to review the transcript he had previously requested, as well as others that were generated during the pendency of the appeal, he made the strategic decision to brief [on appeal] only the challenge to the sufficiency of the evidence that he believed had been properly raised by attaching and incorporating the Motion to Modify Sentence into [Appellant's] Rule 1925(b) statement. He abandoned the three issues that had been specifically listed in the statement because, on reflection and review of the record, he believed they were meritless. In addition, Appellate Counsel's prior experience had been that raising one good issue - - in his mind at the time the sufficiency of the evidence claim - - was better strategy than shot gunning multiple claims that had little to no chance of succeeding.

On July 23, 2013, the Superior Court issued a memorandum opinion in the Direct Appeal affirming the judgment of sentence. [**Commonwealth v. Rosado**, 82 A.3d 1075 (Pa. Super. 2013).] In its opinion, the Superior Court found that the sufficiency of the evidence claim had been waived. []

On February 21, 2014, [Appellant] filed a *pro se* PCRA petition alleging that both Trial Counsel and Appellate Counsel had been ineffective. Specifically, he alleged that Trial Counsel was ineffective for failing to raise the fact that the victim had previously accused her father of sexually abusing her and then recanted the accusations. Second, he alleged that Appellate Counsel was ineffective for failing to raise or preserve appeal issues, including the failure to brief the issues specifically raised in the Rule

1925(b) statement. The second allegation of ineffectiveness ended with a request for "reinstatement of appellate rights as to the weight and sufficiency of the evidence claims."

[Appellant's] current attorney ("PCRA Counsel") was appointed to represent [Appellant] in the PCRA proceedings. In the appointment order, PCRA [C]ounsel was granted leave to file an amended petition if necessary. After reviewing and discussing the matter with [Appellant], PCRA Counsel did not file an amended petition.

On July 18, 2014, we convened a PCRA hearing. At the hearing, [Appellant] called both Trial Counsel and Appellate Counsel. Trial Counsel testified that she was aware of the previous accusations of molestation made by the victim, that the accusations were the crux of her theory for [Appellant's] defense at trial, that she fought to have the evidence of these accusations admitted and that evidence was, in fact, admitted. Appellate Counsel testified as to why he raised only the issues he listed in the Rule 1925(b) statement filed in the Direct Appeal and why he later abandoned several issues on appeal. After reviewing transcripts and the law, Appellate Counsel believed that the issues specifically raised in the statement were meritless. He felt the same way about a weight of the evidence claim. He pursued only the sufficiency of the evidence claim because he felt that it was the only issue that stood any chance on appeal. Appellate Counsel also testified that he raised the sufficiency of the evidence claim by attaching the Motion for Modification of Sentence [to the Rule 1925(b) statement] because he had used that construct in prior appeals without issue and was unaware of any rule that prohibited the procedure. At the conclusion of the hearing, we issued an order denying the PCRA petition, summarizing our reasons for doing so on the record. []

PCRA Court Opinion, 10/31/14, at 1-5 (citations omitted). This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> A. DID THE PCRA COURT ERR AND ABUSE ITS DISCRETION BY NOT ALLOWING [APPELLANT] TO FILE A NUNC PRO TUNC APPEAL TO THE PENNSYLVANIA SUPERIOR COURT WHERE THE RECORD CLEARLY SHOWED THAT [APPELLANT] WAS DENIED HIS RIGHT TO APPELLATE REVIEW AS A RESULT OF [APPELLATE] COUNSEL NOT BRIEFING THE ISSUES RAISED IN THE INITIAL [RULE] 1925[(B)] STATEMENT PRESENTED TO THE COURT AND WHERE COUNSEL WAS THEREFORE [PER] SE INEFFECTIVE IN HIS REPRESENTATION OF [] APPELLANT?

Appellant's Brief at 4.

This Court may only overturn a PCRA court's dismissal of a PCRA petition based on an error of law or an abuse of discretion. *Commonwealth v. Johnson*, 841 A.2d 136, 140 (Pa. Super. 2003), *appeal denied*, 858 A.2d 109 (Pa. 2004). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008) (citation omitted).

In support of his issue, Appellant argues:

> Despite the rights provided him under the Pennsylvania Constitution and case law, Appellant was denied his right to direct appeal following a criminal conviction. The denial was the result of the actions of prior counsel in failing to properly prosecute his appellate rights by making appropriate filings with the Superior Court. Specifically, counsel filed a 1925(b) statement, as well as an Appellate brief, which addressed wholly different issues, such that Appellant's [] appeal was dismissed for failure to argue or preserve any issues raised on appeal.

Under Federal and Pennsylvania case law, the actions of counsel in failing to prosecute Appellant's initial appeal resulted in [per] se ineffective representation, such that Appellant is entitled to re-file such appeal now on a nunc pro tunc basis. While the [PCRA] court focuses on the merits of Appellant's initial appeal and inaccurately [analyzes] this matter under the ruling of **Commonwealth v. Reed**[, 971 A.2d 1216 (Pa. 2009),] (only limited appellate review provided rather than none as here), the more appropriate legal analysis focuses on cases where, as here, Appellant was provided no appellate review of any kind as a result of the actions or inactions of counsel. Appellant in the instant case, is entitled to file a nunc pro tunc appeal of the trial issues which have yet to be heard on appeal.

Appellant's Brief at 7. We disagree.

In rejecting Appellant's claim, the PCRA court astutely noted:

There are two types of ineffective assistance of counsel. The first is ineffectiveness under **Strickland v. Washington**, 466 U.S. 668 (1984), as adopted in Pennsylvania by **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987), which requires the defendant to demonstrate that he was prejudiced by an act or omission of his attorney. In cases where the **Strickland**/**Pierce** test applies, the analysis begins with the presumption that counsel rendered effective assistance. To obtain relief on a claim of ineffective assistance of counsel, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. In our Commonwealth, we have rearticulated the **Strickland** Court's performance and prejudice inquiry as a three-prong test. Specifically, a petitioner must show: 1) the underlying claim is of arguable merit; 2) no reasonable basis existed for counsel's action or inaction; and 3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

**Commonwealth v. Dennis**, 17 A.3d 297, 301 (Pa. 2011) [(citations omitted)]. Also, counsel cannot be found

ineffective for failing to pursue a baseless or meritless claim. **Commonwealth v. Harvey**, 812 A.2d 1190, 1199 (Pa. 2002).

The second type of ineffectiveness of counsel is ineffectiveness *per se* under **United States v. Cronic**, 466 U.S. 648 (1984), decided the same day as **Strickland**, in which the United States Supreme categorized circumstances where prejudice will be presumed and need not be proven. The presumption is based on the High Court's recognition that there are "some circumstances so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." (**Id.** at 658).

In **Commonwealth v. Brown**, 18 A.3d 1147 (Pa. Super. 2011), our Superior Court collected cases that outline the various situations where counsel has been held to be ineffective *per se* and analyzed the differences between a **Cronic** violation and a **Strickland**/**Pierce** allegation of ineffective assistance of counsel.

PCRA Court Opinion, 10/31/14, at 6-7.

The PCRA court then quoted extensively from the **Brown** decision, including the following:

The recognized instances of *per se* ineffectiveness entitling a defendant to automatic relief are extremely narrow. **Commonwealth v. Halley**, 582 Pa. 164, 870 A.2d 795 (2005) (counsel did not file a Pa.R.A.P. 1925(b) statement and waived all issues, thereby denying the defendant his constitutional right to direct appeal); **Commonwealth v. Leibel**, 573 Pa. 375, 825 A.2d 630 (2003) (attorney did not file a petition for allowance of appeal, as requested by the defendant, and denied his client the right to seek discretionary review with our Supreme Court); **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564, 572 (1999) (lawyer did not file a direct appeal, despite defendants request); **see also** **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009) (filing of an untimely 1925(b) statement); **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264

(2007) (not filing an appellate brief so defendant did not obtain direct review).

On the other hand, the types of actions or inactions that are not subject to **Cronic** are legion. **E.g. Commonwealth v. Reed,** 601 Pa. 257, 971 A.2d 1216, 1226 (2009) ("filing an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as a client's advocate so as to warrant a presumption of prejudice under **Cronic**"); . . . **Commonwealth v. Reaves**, 592 A.2d 134, 923 A.2d 1119 (2007) (narrowing ambit of reviewable issues on appeal does not constitute *per se* ineffectiveness)[.]

PCRA Court Opinion, 10/31/14, at 8-9 (quoting **Brown**, 18 A.3d at 1156).

Here, Appellant's appeal was timely filed, a Pa.R.A.P. 1925(b) statement was filed, and this Court acknowledged the claim Appellate Counsel chose to raise on appeal. These facts vitiate Appellant's claim of *per se* ineffectiveness. As discussed above, because Appellate Counsel litigated Appellant's direct appeal, Appellant's claim of ineffectiveness must be reviewed using the tripartite test of **Strickland**/**Pierce**. **See also Commonwealth v. West**, 883 A.2d 654, 658 n.5 (Pa. Super. 2005) (explaining that *per se* ineffectiveness does not occur when counsel elected to pursue certain issues in the Pa.R.A.P. 1925(b) statement and omitted others).

In Appellant's direct appeal, we found Appellant waived the only issue appellate counsel chose to raise. This fact, however, does not transform his claim into one of *per se* ineffectiveness. **See Commonwealth v. Reed,** 601 Pa. 257, 971 A.2d, 1216, 1226 (2009) ("filing an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as

- 8 -

a client's advocate so as to warrant a presumption of prejudice under *Cronic*"). Rather, in order to demonstrate Appellate counsel's ineffectiveness, Appellant must establish each prong of the tripartite *Strickland*/*Pierce* test for ineffectiveness as to each claim he wished to raise on appeal.

Neither at the PCRA hearing, nor within his brief, does Appellant provide such analysis with regard to any claim he wished to raise on appeal. Thus, we need not consider his undeveloped claims of ineffectiveness further. *See Commonwealth v. Pettus*, 424 A.2d 1332, 1335 (Pa. 1981) (explaining that claims of trial counsel's ineffectiveness are not self-proving).

In sum, because Appellant is not entitled to a finding of *per se* ineffectiveness, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2015