J. S59038/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA

       Appellee    :
   :
       v.    :
   :
DAYON DECHE MCCRACKEN,    :
   :
       Appellant    :    No. 588 WDA 2015

Appeal from the Judgment of Sentence February 5, 2015
In the Court of Common Pleas of Elk County
Criminal Division No(s).: CP-24-CR-0000203-2014

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:      **FILED SEPTEMBER 30, 2015**

Appellant, Dayon Deche McCracken, appeals from the judgment of sentence entered in the Elk County Court of Common Pleas. He challenges the sufficiency of evidence for his kidnapping conviction. We remand and order Appellant's counsel to file a Pa.R.A.P. 1925(b) statement *nunc pro tunc* with the trial court and order the court to file a responsive Rule 1925(a) opinion.

The facts are unnecessary to our ruling. The trial court sentenced Appellant on February 5, 2015. Appellant did not file a post-sentence motion and filed a timely notice of appeal on February 25, 2015. On March

---

[*] Former Justice specially assigned to the Superior Court.

J.S59038/15

6, 2015, the court ordered Appellant's counsel to comply with Rule 1925(b).

Counsel did not file a Rule 1925(b) statement.

Pa.R.A.P. 1925(c)(3) follows:

> (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).  The note follows:

> Paragraph (c)(3) This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement. . . .  Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness. ***See, e.g.***, ***Commonwealth v. Halley***, . . . 870 A.2d 795, 801 ([Pa.] 2005); ***Commonwealth v. West***, 883 A.2d 654, 657 (Pa. Super. 2005).  Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and per se, the court in ***West*** recognized that the more effective way to resolve such per se ineffectiveness is to remand for the filing of a Statement and opinion. ***See West***, 883 A.2d at 657. The procedure set forth in ***West*** is codified in paragraph (c)(3).

Pa.R.A.P. 1925 note.  Accordingly, because Appellant's counsel failed to comply with a court order to file a Rule 1925 statement, he is *per se* ineffective.  ***See id.***  We remand to have counsel file with the trial court a

- 2 -

statement *nunc pro tunc*[1] within thirty days, and we order the court to file a responsive Rule 1925(a) opinion. **See** Pa.R.A.P. 1925(c)(3).

Case remanded with instructions. Panel jurisdiction retained.

---

[1] We note Appellant's counsel filed a motion to withdraw with this Court, which we denied as it failed to comply with **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Order, 5/13/15. Counsel may comply with Pa.R.A.P. 1925(c)(4).