J-S13022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STEVEN LEE MOWERY :
:
Appellant : No. 1073 WDA 2017
:

Appeal from the PCRA Order January 9, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002608-2010

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED MAY 4, 2018**

Appellant, Steven Lee Mowery, appeals from the order denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-9546. For the following reasons, we remand for the filing of a Pa.R.A.P. 1925(b) statement and a PCRA court opinion pursuant to Pa.R.A.P. 1925(a).

The PCRA court summarized the history of this case as follows:

> [Appellant] pled guilty on July 11, 2011 to two (2) counts of **Aggravate Indecent Assault – Forcible Compulsion (felonies of the 2nd Degree)**. A pre-sentence investigation was ordered and on November 3, 2011, [Appellant] received a sentence of no less than 3 ½ years to no more than 10 years in the state correctional system, consistent with the plea agreement negotiated into by and between the Commonwealth and [Appellant]. [Appellant's] trial counsel was Attorney Perry Flaugh. A sexual offender's assessment was performed by the Pennsylvania Sexual Assessment Board. The Commonwealth initially filed a Praecipe for a Sexually Violent Predator's

Classification hearing, however, upon receipt and review of the assessment, the Commonwealth withdrew such praecipe.

[Appellant] never filed [a] direct appeal. On March 2, 2015, [Appellant] filed his [PCRA] Petition *pro se*. On April 9, 2015, [the PCRA court] entered an Order appoint[ing] Paul M. Puskar as PCRA counsel and providing him sixty (60) days to file any amended PCRA petition. On July 2, 2015, we held a status conference with counsel only, and provided Attorney Puskar an extension until Friday, September 4, 2015 to file an Amended PCRA Petition, including setting forth any claimed "after discovered evidence" that would justify relief under the PCRA Act, and further, identifying if any of these three (3) exceptions to the timeliness requirements applied. 42 Pa.C.S.A. § 9545(b)(1) and ***Commonwealth v. Hawkins***, 953 A.2d 1248 (Pa. 2008). No Amended PCRA Petition was filed.

Another status conference was held with [PCRA] counsel on October 4, 2016, the same date the Commonwealth filed a Motion to Dismiss [Appellant's] PCRA Petition as being untimely. On January 3, 2017, a hearing was held relative to the Commonwealth's Motion to Dismiss, at which time, [Appellant] testified on his own behalf.

PCRA Court Opinion, 1/9/17, at 1-2 (emphasis in original).

In an opinion and order filed on January 9, 2017, the PCRA court dismissed Appellant's PCRA petition as having been untimely filed. Appellant then filed, *pro se*, a second PCRA petition seeking reinstatement of his right to appeal the dismissal of his first PCRA petition. The PCRA court appointed current counsel, who then filed an amended second PCRA petition. In an order dated July 13, 2017, the PCRA court granted Appellant relief and reinstated his appellate rights, *nunc pro tunc*. This timely appeal followed.

On August 1, 2017, the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. Appellant failed to file a Pa.R.A.P.

1925(b) statement as ordered.[1]  The PCRA court did not prepare an opinion pursuant to Pa.R.A.P. 1925(a).  Rather, the PCRA court issued a one-sentence letter to the Prothonotary of Blair County stating, "In reference to the above [captioned case], please be advised that I will stand on the record concerning the pending appeal."  PCRA Court Letter, 9/21/17, at 1.

Appellant now presents the following issue for our review:

> 1.  Whether the [PCRA court] erred and abused its discretion in denying and dismissing [Appellant's] PCRA Petition?

Appellant's Brief at 4.

Appellant argues that the PCRA court erred in dismissing his PCRA petition due to being untimely filed.  Appellant's Brief at 8-10.  Appellant contends that he properly pleaded and proved the after-discovered-facts exception to the PCRA timeliness requirements.  *Id*.  Appellant alleges that he received two reports from Children and Youth Services, which contained exculpatory information that qualifies as after-discovered facts.  *Id*. at 9.

---

[1] We note that Appellant has stated in his brief that "[Appellant] was ordered to provide on August 1, 2017 Rule 1925 Statement and [Appellant] complied with said order."  Appellant's Brief at 5.  However, our review of the certified record reflects that, although the PCRA court entered an order on August 1, 2017 that directed Appellant to file a Pa.R.A.P. 1925(b) statement, such statement was never filed and is not included in the certified record before us.  Indeed, the PCRA court's docket entry dated September 19, 2017, specifically provides: "Record Sent to Superior Court.  Sending to Superior Court per Judge Sullivan on 09/19/17.  **No [Pa.R.A.P. 1925(b)] Concise Statement filed**."  Docket Entry, 9/19/17 (emphasis added).

- 3 -

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Before we address the merits of the issue presented, we first consider the ramifications of Appellant's failure to file a Pa.R.A.P. 1925(b) statement and the PCRA court's failure to prepare a Pa.R.A.P. 1925(a) opinion. We are mindful that, in ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived. In ***Commonwealth v. Butler***, 812 A.2d 631 (Pa. 2002), the Court further expanded on the ***Lord*** holding, stating that waiver automatically applies when a Pa.R.A.P. 1925(b) statement is not filed or if an issue is not included in the Pa.R.A.P. 1925(b) statement, even when the question of waiver has not been raised by the other party, and even

when the trial court has chosen to overlook the failure by addressing the issues it assumed would be raised. However, our Supreme Court amended Pa.R.A.P. 1925 and added a procedure for appellate courts to rectify a criminal appellant's failure to file a Pa.R.A.P. 1925(b) statement.

The pertinent part of the amended rule is found in subsection (c)(3), and provides as follows:

**(c) Remand.–**

\* \* \*

(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). In addition, the Explanatory Note to subsection (c)(3) provides the following guidance:

This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement. It is thus narrower than (c)(2) …. Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and 'clear' ineffectiveness. *See*, *e.g.*, *Commonwealth v. Halley*, 582 Pa. 164, 172, 870 A.2d 795, 801 (2005); *Commonwealth v. West*, 883 A.2d 654, 657 (Pa. Super. 2005). Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and *per se*, the court in *West* recognized that the more effective way to resolve such *per se* ineffectiveness is to remand for the filing of a Statement and opinion. *See West*, 883 A.2d at 657.

Pa.R.A.P. 1925 at Note (2007). Accordingly, notwithstanding the decisions in *Lord* and *Butler*, pursuant to the amended version of Pa.R.A.P. 1925, the

- 5 -

complete failure by counsel to file a Pa.R.A.P. 1925(b) statement, as ordered, is presumptively prejudicial and clear ineffectiveness, and this Court is directed to remand for the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc* and for the preparation and filing of an opinion by the lower court.

Moreover, in **Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*), this Court declared, "The complete failure to file a 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." We explained in **Burton** that "under the amended rule, the remedy now for failure to file a 1925 concise statement is remand to allow *nunc pro tunc* filing of the statement." **Id**. at 431.

Thus, we are convinced that the **complete failure** of Appellant's counsel to file a Pa.R.A.P. 1925(b) statement amounts to *per se* ineffectiveness, irrespective of the fact that the PCRA court, in an opinion accompanying the PCRA court's order dismissing the PCRA petition, addressed the issue now presented to this Court in Appellant's brief.[2] Consequently, we

---

[2] We acknowledge that in **Burton**, we found remand unnecessary, as the trial court had adequately addressed the issue presented by the appellant in his untimely filed Pa.R.A.P. 1925(b) statement. **Burton**, 973 A.2d at 433. The instant case appears similar to **Burton** in that the PCRA court's opinion that accompanied its order dismissing the PCRA petition addresses the issue presented in Appellant's brief. However, we conclude these circumstances are distinguishable because Appellant's counsel did not file an *untimely* Pa.R.A.P. 1925(b) statement but, instead, filed no such statement at all.

are compelled to remand for Appellant's counsel to file with the PCRA court a Pa.R.A.P. 1925(b) statement *nunc pro tunc* within twenty-one days of the date of this memorandum, and for the preparation of a Pa.R.A.P. 1925(a) opinion by the PCRA court, to be filed with this Court within thirty days thereafter.[3]

Case remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.

---

[3] ***See Commonwealth v. Scott***, 952 A.2d 1190, 1192 (Pa. Super. 2008) (retaining jurisdiction when remanding for the filing of a Pa.R.A.P. 1925(b) statement and preparation of a trial court opinion).