J-A22043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARISSA DIANE BIRSTER | |
| Appellant | No. 468 MDA 2020 |

Appeal from the Judgment of Sentence entered February 7, 2020
In the Court of Common Pleas of Northumberland County
Criminal Division at No: CP-49-CR-0001088-2019

BEFORE: SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.: **FILED: OCTOBER 30, 2020**

Appellant, Marissa Diane Birster, appeals from the judgment of sentence imposed on February 7, 2020, in the Court of Common Pleas of Northumberland County. For the reasons set forth below, we remand.

At the conclusion of a revocation of probation hearing conducted on February 7, 2020, the trial court determined Appellant violated her supervision. With respect to her conviction for endangering the welfare of children ("EWOC"), the court revoked her probation and resentenced her to a term of two years plus one day to four years in a state correctional institution, with credit for time served. With regard to her conviction for possession of a controlled substance, the court revoked Appellant's probation and resentenced her to a county sentence of three to six months in the Northumberland County

Jail, concurrent with her EWOC sentence.[1]  The court announced that Appellant could be paroled immediately on the state sentence for EWOC.

Appellant filed a motion for reconsideration of sentence on February 10, 2020, arguing, *inter alia*, that the trial court improperly permitted hearsay testimony of Probation Officer Kasey Fisher in violation of Appellant's Confrontation Clause rights.  The testimony at issue related to Appellant's alleged conversations with her own probation officer, Matt Naracavage, who was unavailable to testify at the hearing because he was on paternity leave. Motion for Reconsideration of Sentence, 2/10/20, at ¶¶ 7-17.  Appellant also complained that she was resentenced without being afforded the right of allocution.  *Id.* at ¶¶ 18-22.  By order entered on February 12, 2020, the trial court denied the motion.  Appellant's counsel, Jerry Grill, Esquire, of the Northumberland County Public Defender's Office, filed a timely appeal.  On March 26, 2020, Attorney Grill filed a Criminal Docketing Statement with this Court.

On March 30, 2020, the trial court ordered Appellant to file a Rule 1925(b) concise statement of errors complained of on appeal within 21 days of the order.  The order provided that "[a]ny issue not properly included in the Statement . . . shall be deemed waived for purposes of the appeal."  Order,

---

[1] The possession charges were filed under a separate Northumberland County docket number, CR-1090-2019.  Appellant did not pursue an appeal to this Court from that conviction.

3/30/20, at 1 (footnote omitted). The order was served on Attorney Grill, as reflected on the docket. However, no Rule 1925(b) statement was filed on Appellant's behalf. On April 30, 2020, the trial court entered an order indicating it would not issue a Rule 1925(a) opinion "because no statement [was] filed within the allotted time." Order, 4/30/20, at 1.

On May 18, 2020, this Court issued a briefing schedule, directing that Appellant file her brief on or before June 26, 2020. The schedule was served on counsel for the Commonwealth and on Michael D. Suders, Esquire, of the Northumberland County Public Defender's Office, who is listed as counsel of record for Appellant on this Court's docket.

Appellant filed a brief in accordance with the schedule and asks this Court to consider three issues:

A. Whether the probation officer notes are admissible under the business records exception to the hearsay rule?

B. Whether [Appellant] has a right to speak at a revocation hearing?

C. Whether the Superior Court must dismiss this case given the failure of hearing counsel to file a concise statement of matters on appeal?

Appellant's Brief at 6.

With regard to the third issue, Appellant attempts to explain her failure to file a concise statement. Specifically, in her Statement of the Case, Appellant suggests that a COVID-19 Emergency Order signed by Northumberland County President Judge Charles H. Saylor on March 18, 2020,

"extend[ed] all deadlines." Appellant's Brief at 7.[2] Appellant further notes that after filing a docketing statement with this Court, "[t]he defense attorney sent a resignation letter on March 25, 2020." *Id.*[3] Appellant acknowledges the trial court's March 30, 2020 order directing the filing of a Rule 1925(b) statement, but notes that President Judge Saylor issued an order on April 2, 2020, extending judicial emergency procedures until April 30, 2020. *Id.* at 8.

In the argument section of the brief, Appellant suggests that because "there was no effective notice [to file a Rule 1925(b) statement] demonstrated on the record given the resignation of hearing counsel and outside the President Judge['s] Emergency Orders that extended to April 30 2020, the case should be remanded for a new hearing or opportunity to file" a Rule 1925(b) statement. *Id.* at 15. While remand is necessary, we do not base remand on Appellant's reasoning.

First, even if counsel who filed the appeal did resign, it is clear Appellant was represented at all times by the Northumberland Public Defender's Office.

---

[2] The order, in fact, did not "extend[] all deadlines." The March 18, 2020 order provided, in relevant part, that "the court is authorized to suspend time calculations for the purpose of trial computation relevant to court cases or other judicial business, as well as time deadlines, subject to constitutional restrictions." Order, 3/18/20, at ¶ 1 (some capitalization omitted).

[3] The March 25, 2020 letter is not part of the record in this case. Regardless, even if Attorney Grill resigned from the Public Defender's Office, there is no suggestion that the Defender's Office sought leave to withdraw as Appellant's counsel.

It was incumbent on that office to comply with the trial court's Rule 1925(b) directive. Second, the trial court issued two emergency orders on March 18, 2020, one that **authorized** the court to suspend time calculations for, *inter alia*, deadlines,[4] and another that postponed certain proceedings. Although the court was authorized to extend deadlines, the trial court nevertheless issued an order on March 30, 2020, directing Appellant to file a Rule 1925(b) statement within 21 days of the order. The President Judge's April 3, 2020 emergency order extended the judicial emergency through April 30, 2020, and cancelled the May 2020 term of criminal court. However, the order had no impact on the trial court's March 30, 2020 order directing Appellant to file a Rule 1925(b) statement.

As our Supreme Court reiterated in **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011):

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte,* and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated

---

[4] **See** n.1.

in [**Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998),] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

**Id.** at 494 (footnote omitted). Here, in accordance with our Supreme Court's directive in **Hill**, Appellant's failure to file a Rule 1925(b) statement results in the waiver of all issues on appeal.

However, we are also cognizant that Rule 1925(c)(3) provides:

If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so . . . such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

In **Commonwealth v. Thompson**, 39 A.3d 335 (Pa. Super. 2012), this Court explained:

Paragraph (c)(3) of Rule 1925 codifies the procedure established by this Court in **Commonwealth v. West**, 883 A.2d 654 (Pa. Super. 2005). Note to Pa.R.A.P. 1925; **see Commonwealth v. Hill**, 16 A.3d 484, 496 n. 15 (Pa. 2011). "Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and *per se*, the court in **West** recognized that the more effective way to resolve such *per se* ineffectiveness is to remand for the filing of a Statement and opinion." Note to Pa.R.A.P. 1925; **see West, supra** at 657.

**Id.** at 339.

Appellant was represented by counsel. Appellant was ordered to file a Rule 1925(b) statement and failed to do so, leading us to conclude her counsel was *per se* ineffective.[5] Further, the trial court did not file a Rule 1925(a) opinion due to Appellant's failure to file a Rule 1925(b) statement. Under these circumstances, and as authorized by Rule 1925(c)(3), we therefore remand to the trial court for appointment of new counsel, the filing of a Rule 1925(b) statement *nunc pro tunc*, and the issuance of a Rule 1925(a) opinion.

Case remanded for further proceedings in accordance with this Memorandum. Jurisdiction retained.

---

[5] This Court has recognized that "[t]he complete failure to file the 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." **Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*).