J-A01045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM HAIRSTON | : | |
| | : | |
| Appellant | : | No. 3204 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008809-2021

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E, and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JULY 1, 2024**

Appellant, Kareem Hairston, appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas after the court found him guilty of possession of a firearm by a prohibited person.[1]  On direct review, he challenges the sufficiency of the evidence and the discretionary aspects of his sentence.  We remand for additional proceedings consistent with this memorandum.

Appellant's firearm charge resulted from a police officer watching him remove a black object from his hooded sweatshirt and place that object into a black plastic bag that the police later recovered and found to contain a loaded handgun.  N.T. 3/25/22, 11.  On March 25, 2022, Appellant proceeded

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105.

to a hearing on a motion to suppress the recovered gun. *Id.* at 5. After the court denied the motion, Appellant agreed to immediately proceed with a non-jury trial. *Id.* at 41-48. The Commonwealth incorporated into the trial record the non-hearsay testimony and an exhibit from the suppression hearing and presented additional testimony. *Id.* at 46-53. Upon the conclusion of the Commonwealth's case-in-chief, Appellant made a motion for a judgment of acquittal. *Id.* at 53. The trial court then mistakenly announced a guilty verdict upon ruling on that motion where Appellant had not been permitted the opportunity to present a defense. *Id.* at 55. To remedy the error, the court recused itself from the matter and referred the matter to be reassigned for trial before another jurist. *Id.* at 56.

The rescheduled trial took place before a new judge on June 6, 2022, and concluded with Appellant being convicted of the above-referenced offense. Trial Disposition Form, 6/7/22, 1. Sentencing was deferred for the preparation of a pre-sentence investigation report and a mental health evaluation. Trial Docket Entry, 6/6/22. On November 16, 2022, the court imposed a sentence of five to ten years' imprisonment. Sentencing Order, 11/16/22, 1. No post-sentence motions were subsequently filed. Appellant timely filed a counseled notice of appeal.[2] Notice of Appeal, 12/14/22, 1. On December 16, 2022, the trial court issued an order pursuant to Pa.R.A.P.

_____

[2] Counsel did not sign the filed notice. At the direction of this Court, counsel filed an amended notice of appeal that included his signature. Amended Notice of Appeal, 2/25/23, 1.

1925(b). No concise statement of matters complained of on appeal was ever filed in response to the trial court's Rule 1925(b) order.

Appellant presents the following issues for our review:

1. Whether the evidence presented at trial was sufficient to establish each and every element of the crimes for which [A]ppellant was convicted.

2. Whether the sentencing court abused it[s] discretion by imposing a manifestly excessive sentence that was not based upon the gravity of the violation, the extent of [A]ppellant's record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 [Pa.C.S. §] 9721 of the Sentencing Code.

Appellant's Brief at 8.

Generally, the failure to file a court-ordered Rule 1925(b) statement results in a waiver of all issues on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (explaining that Rule 1925(b) is a bright-line rule and any claims not raised in the statement will be waived). At the same time, "[t]he complete failure to file the [Rule] 1925 concise statement [by counsel] is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." *Commonwealth v. Thompson*, 39 A.3d 335, 339 (Pa. Super. 2012) (citation omitted). Where the failure to file a Rule 1925(b) statement is the result of an omission by counsel, Rule 1925(c)(3) directs us as follows:

If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so,

or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

Here, while Appellant continued to be represented by his present counsel who previously acted as his trial counsel, he never filed a Rule 1925(b) statement in response to the trial court's December 16, 2022 order. As a result, counsel effectively foreclosed any substantive review in the instant appeal, and this amounts to *per se* ineffectiveness. ***See*** Pa.R.A.P. 1925(c)(3); ***Commonwealth v. West***, 883 A.2d 654, 657-58 (Pa. Super. 2005) (where counsel failed to file a substantive concise statement, they have effectively abandoned their client).

Due to present counsel's *per se* ineffectiveness, we must remand, but our task of doing so is also complicated by additional factors. First, there are no notes of testimony for Appellant's June 6, 2022 trial and his November 16, 2022 sentencing hearing in the certified record for this appeal, and no proof that counsel has ever ordered the transcription of those notes of testimony. Those transcripts will need to be secured before the filing of a Rule 1925(b) statement so that a newly appointed counsel will have the ability to conduct an adequate review of the record so they may determine the issues that may be appropriately raised in a concise statement of errors complained of on appeal. Second, there is presently no judge assigned to this case for the lower

court as the jurist who sat for Appellant's June 6, 2022 trial is no longer sitting as a judge for the Philadelphia County Court of Common Pleas. The trial court will need to reassign a new jurist to this matter for purposes of this appeal.

We remand this matter and direct the trial court to appoint new counsel for Appellant within 21 days of the date that the certified record is returned to the trial court. We also direct the trial court to instruct the newly appointed counsel to secure the notes of testimony for Appellant's trial and sentencing hearing and ensure a copy of those notes of testimony is included in the lower court's record for this matter. Newly appointed counsel shall file a Pa.R.A.P. 1925(b) statement after their receipt of the missing notes of testimony. While we would normally issue a schedule for the filing of the Rule 1925(b) statement, as well as a forthcoming trial court opinion, and new appellate briefs from the parties, we are reluctant to issue a specific timeline given the absence of a current trial judge assignment and the need for bringing a newly appointed counsel up to speed with this matter amid the absence of all the relevant notes of testimony. However, the court and the parties should comply with the standard timing requirements as much as possible. The Prothonotary of this Court is directed to send a copy of this decision to the President Judge and the Supervising Judge of the Criminal Division of the trial court.

Case remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.