J. S03014/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARCELLUS OLIPHANT, | : | No. 779 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, February 12, 2015,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0002145-2009

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MAY 05, 2016**

Marcellus Oliphant appeals, ***pro se***, from the order of February 12, 2015, dismissing his PCRA[1] petition and granting court-appointed counsel permission to withdraw.  We affirm.

Following a four-day jury trial in October 2010, appellant was found guilty of numerous offenses, including four counts of robbery.  The charges were brought in connection with a bank robbery on April 30, 2005, during which appellant acted as the getaway driver.  On April 12, 2011, appellant was sentenced to 10½ to 21 years' imprisonment.  Appellant took a direct appeal, and this court affirmed on June 5, 2012.  ***Commonwealth v. Oliphant***, 53 A.3d 924 (Pa.Super. 2012) (unpublished memorandum).

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On June 25, 2013, appellant filed a timely *pro se* PCRA petition. Counsel was appointed, and on October 4, 2013, filed a petition to withdraw and a *Turner*/*Finley* "no-merit" letter.[2]  On November 14, 2013, the PCRA court issued a Rule 907 20-day notice of intent to dismiss the petition without a hearing.[3]  On January 16, 2014, appellant filed a *pro se* response to Rule 907 notice.  On June 13, 2014, the PCRA court directed counsel to review appellant's *pro se* response and file either an amended PCRA petition on appellant's behalf or another petition for leave to withdraw pursuant to *Turner*/*Finley*.  On June 30, 2014, PCRA counsel filed an answer to appellant's *pro se* response to Rule 907 notice, addressing the issues raised therein.  On February 12, 2015, the PCRA court dismissed the petition and granted counsel leave to withdraw.

A timely *pro se* notice of appeal was filed on March 11, 2015.[4]  On March 23, 2015, the PCRA court granted appellant *in forma pauperis*

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A.

[4] Although appellant's appeal notice was not docketed until March 16, 2015, it was dated March 11, 2015.  *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (an appeal by a *pro se* prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities and/or places it in the prison mailbox).

status and also ordered appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. The criminal docket indicates that the PCRA court's Rule 1925 order was sent to appellant by certified mail on March 25, 2015. On May 5, 2015, the PCRA court filed a Rule 1925(a) opinion, stating that appellant had failed to file a concise statement as ordered and has therefore waived any alleged errors complained of on appeal.

> In 1998, our Supreme Court held that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925." **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306, 309 (1998). Subsequently, in **Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775 (2005), the Supreme Court affirmed its holding in **Lord**, ruling that a failure to file a 1925(b) statement within 14 days[Footnote 8] after entry of an order requesting the statement, regardless of the length of the delay, results in automatic waiver.
>
>> [Footnote 8] **Lord** and **Castillo** examined the application of the previous version of Pa.R.A.P. 1925. Under that version, when the trial court entered an order directing the appellant to file a concise statement, the appellant had only 14 days to file the statement. Pa.R.A.P. 1925(b) (2007).

**Commonwealth v. Thompson**, 39 A.3d 335, 338 (Pa.Super. 2012) (additional footnotes omitted).

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant

> to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to **ad hoc** exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court **sua sponte**, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in **Lord** that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

**Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (footnote omitted).

Instantly, the record indicates that appellant failed to comply with the trial court's Rule 1925 order. While appellant claims that he filed a concise statement on April 6, 2015 (appellant's brief at 5-6), none appears anywhere in the certified record, nor did he attach any such statement to his brief as required by Pa.R.A.P. 2111(d).[5] As such, appellant has waived all issues on appeal.[6]

---

[5] In support of his assertion that he filed a concise statement on April 6, 2015, appellant attaches to his brief his April 2015 "Monthly Account Statement," indicating that $1.61 in postage fees was deducted from his prisoner account on that date. (Appellant's brief, Appendix "D".) This does not prove anything, except that appellant mailed something on that date. Appellant does not attach a copy of his Rule 1925(b) statement to his brief,

We further note that because appellant is **pro se**, the remand procedure added to Rule 1925 in 2007 does not apply. **See** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.") (codifying the procedure established by this court in **Commonwealth v. West**, 883 A.2d 654 (Pa.Super. 2005)); **see also Commonwealth v. Burton**, 973 A.2d 428 (Pa.Super. 2009) (**en banc**) (extending the remedy in Rule 1925(c)(3) to untimely Rule 1925 concise statements).

In addition, this is an appeal from dismissal of a PCRA petition. Our supreme court has held that the procedure devised in **West**, as codified in Rule 1925(c)(3), does not apply to PCRA appeals. **Hill**, 16 A.3d at 496-497.

---

as required by the Rules of Appellate Procedure, nor can it be found in the certified record. The PCRA court did not receive it, as indicated in its Rule 1925(a) opinion finding waiver. Appellant does not allege that he was not properly served with the PCRA court's Rule 1925 order; in fact, he insists that he filed a concise statement in compliance with the rules. Therefore, we are compelled to find waiver.

[6] We note that appellant does not raise any legality of sentencing claims which could be considered non-waivable. **See**, **e.g.**, **Commonwealth v. Edrington**, 780 A.2d 721, 723 (Pa.Super. 2001) ("So long as jurisdictional requirements are met, [a]n illegal sentence can never be waived and may be reviewed **sua sponte** by this court." (internal quotation marks and citations omitted)). All of appellant's issues allege ineffectiveness of trial and/or PCRA counsel.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016