J-S46015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LARRY L. BURDEN, JR. | |
| Appellant | No. 1892 MDA 2016 |

Appeal from the PCRA Order October 10, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):
CP-41-CR-0001472-2011
CP-41-CR-0001767-2011

BEFORE:  BOWES, J., OLSON, J., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                 **FILED SEPTEMBER 21, 2017**

Larry Burden, Jr. appeals from the order denying him PCRA relief.  We

find that Appellant has waived all issues and therefore affirm.

We previously adopted the trial court's factual history, which we repeat

herein.

> At approximately 9:50 a.m. on October 9, 2011, the Rite Aid
> store on Fifth Street was robbed. The robber approached the
> clerk and told the clerk to get behind the register and give him
> all the money. As the clerk was walking around the counter, the
> robber said "hurry or I'll hurt you." The clerk noticed that the
> robber kept his hands inside the pouch of his hoodie, where
> there was a bulge that the clerk recognized as the outline of a
> gun. The clerk opened the cash drawer and handed the robber
> $149, which consisted predominantly of $1 bills.
>
> A customer observed the robbery take place and, while calling 9-
> 1-1, the customer followed the perpetrator. The customer

---

* Former Justice specially assigned to the Superior Court.

observed the robber remove some of his clothing and discard it. When the police arrived, the customer pointed out the robber to them.

Officers took the robber into custody and he was identified as [Appellant]. As a result of a search incident to arrest, the officers discovered a .357 revolver loaded with four rounds of live ammunition in [Appellant's] waistband, the $149 in cash stolen from Rite Aid, and nine baggies of crack cocaine. The police also recovered a hat and hoodie that [Appellant] discarded along the route he took after he left the store. During booking, [Appellant] commented to the officers, "You got the money; you got what you want."

The police charged [Appellant] with persons not to possess a firearm without a license, terroristic threats, theft by unlawful taking, receiving stolen property, possessing instruments of crime, simple assault by physical menace, and three counts of robbery. A jury trial was held on all of the counts except: one count of robbery, which was withdrawn by the Commonwealth; and the persons not to possess a firearm charge, which was severed and tried non-jury. [Appellant] was convicted of all the charges.

On July 3, 2012, the Court imposed an aggregate sentence of 9½ to 20 years [of] incarceration in a state correctional institution. . . .

*Commonwealth v. Burden*, 2013 WL 11274819, at *1 (quoting Trial Court Opinion, 8/28/12, at 1-2) (alterations in original).

Appellant sought relief on direct appeal, which we denied by unpublished memorandum. *Id*. Appellant did not timely pursue further review with our Supreme Court. However, he successfully sought reinstatement of his right to seek discretionary review *nunc pro tunc*, which was subsequently denied on April 16, 2015.

Appellant filed a timely *pro se* PCRA petition on January 19, 2016, raising seven ineffectiveness claims. Appointed counsel filed an amended petition on June 6, 2016, raising three claims:

> At trial, the opening statements of [the] prosecutor . . . inflamed the jury when comparing [Appellant] to John Dillinger . . . . the lack of objection resulted in prejudice in the form of an inflamed jury.
> . . . .
>
> Trial counsel . . . never allowed [Appellant] to view the video surveillance. [Appellant] believes there would be exculpatory evidence on the video.
> . . . .
>
> [Appellant] had asked trial counsel . . . to explore the possibility of a plea agreement, which was never done.

Amended PCRA Petition, 6/6/16, at 7-8 (paragraph numbers omitted).

In an unusual step, counsel subsequently filed a motion to withdraw, accompanied by a **Turner/Finley** letter, notwithstanding the amended petition. The letter addressed only the issues that were included in the amended petition.[1]

_____

[1] There is a distinction between a **Turner/Finley** letter that results from appointed counsel's belief that no meritorious issues exist whatsoever versus the situation in which PCRA counsel files an amended petition raising a subset of claims included by the petitioner in the original *pro se* petition plus any claims that appointed counsel independently raises after reviewing the record.

Herein, we are presented with a situation wherein appointed counsel amended the *pro se* petition, which implicitly represented a determination that any other issues were not worth pursuing. Counsel then filed a
*(Footnote Continued Next Page)*

- 3 -

The PCRA court issued its notice of intent to dismiss on October 10, 2016, which included a pre-emptive opinion addressing the three issues posed in the amended petition. Appellant responded by filing a notice of appeal, which we consider timely. *Commonwealth v. Swartzfager*, 59 A.3d 616, 618, n.3 (notice of appeal filed in response to notice of intent to

---

*(Footnote Continued)* ───────────

*Turner/Finley* letter which addressed **only** the issues raised in the amended petition. In context, it appears that appointed counsel determined, after further investigation, that the amended issues lacked arguable merit.

We are cognizant of our Supreme Court's command that this Court may not *sua sponte* review the adequacy of the *Turner/Finley* letter when the issue was not raised. *See Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009). Simultaneously, we do not approve of this bifurcated procedure by which appointed counsel amends a petition—and therefore omits discussion of all other issues—followed by a no merit letter addressing only the issues raised in the amended petition. The purpose of the *Turner/Finley* letter is for counsel to "detail[ ] the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). This letter failed to do so.

Presently, Appellant does not challenge the adequacy of the letter, has not raised an allegation of PCRA counsel ineffectiveness, and does not specifically challenge the PCRA court's order permitting counsel to withdraw as opposed to simply stating that the PCRA court erroneously failed to grant relief on his *pro se* issues. *Compare Commonwealth v. Rykard*, 55 A.3d 1177 (Pa.Super. 2012) (addressing no merit letter where appellant claimed counsel did not comply with *Turner/Finley* and the PCRA court erred in allowing counsel to withdraw). Thus, while we firmly disapprove of the procedure employed herein, we are constrained to find that we may review only the three claims raised on appeal concerning the dismissal of Appellant's PCRA petition.

dismiss petition, not final dismissal, was considered premature); Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). The PCRA court issued an order requiring a Pa.R.A.P. 1925(b) statement within twenty-one days, warning Appellant "that any issue not properly included in the Statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived." Order, 12/2/16. The PCRA court filed its opinion, which was delivered by certified mail, stated that Appellant failed to comply with the order, and determined that the issues were waived. Opinion, 1/31/17, at 1. The docket confirms that Appellant did not file a Rule 1925(b) concise statement, and Appellant's brief does not address that defect in any way. Appellant raises the following claims.

I.   Whether the court erred by denying defend[a]nt's PCRA Petition alleging counsel is ineffective by not raising the claim the evidence is legally insufficient to sustain the simple assault by physical menace and robbery convictions where no serious bodily injury was inflicted beyond a reasonable doubt?

II.  Whether the trial court [erred] or Superior Court erred by finding trial counsel's brief for weight of evidence claim to be correct procedurally where no claim was raised at all?

III. Is it a violation for the United States Constitution 8th Amendment to use any juvenile adjudication for sentencing purpose after juvenile's brains have been found to not be fully developed?

Appellant's brief at unnumbered 7.

- 5 -

We must now address the effect of Appellant's total failure to file a Pa.R.A.P. 1925(b) statement, as our Supreme Court has set forth a bright-line rule requiring waiver.

> In [*Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998)]*,* however, this Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement *will be deemed waived.*" *Lord,* 719 A.2d at 309 (emphasis added). Thus, waiver under Rule 1925 is automatic.
> . . . .
>
> We reiterate our holding in *Lord,* and now expressly apply it to PCRA appeals. PCRA appellants, in order to preserve their claims for appellate review, must comply whenever the PCRA court orders them to file a Statement of Matters Complained of on Appeal under Rule 1925. Accordingly, any issues not raised in a Rule 1925(b) statement are waived. *See Lord,* 719 A.2d at 309.

*Commonwealth v. Butler*, 812 A.2d 631, 633–34 (Pa. 2002) (emphasis and alterations in original). Our High Court has continued to adhere to this approach. *See Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (summarizing Rule 1925 jurisprudence).

However, deeming claims waived for failing to comply with Pa.R.A.P. 1925 presumes that the appellant received an order requiring a concise statement. *See Commonwealth v. Hess*, 810 A.2d 1249 (Pa. 2002) (failure to file a concise statement did not necessarily require a finding of waiver, as "it is axiomatic that in order for an appellant to be subject to

waiver for failing to file a timely 1925(b) statement, the trial court must first issue a 1925(b) order directing him to do so." *Id*. at 1252 (citation omitted). The appellant in **Hess** alleged that the order was never received and "submitted substantial support for his assertion that he did not receive the order" in his brief. *Id*. at 1254.

In **Commonwealth v. Douglas**, 835 A.2d 742 (Pa.Super. 2003), we concluded that **Hess** did not excuse the failure to file a court-ordered Pa.R.A.P. 1925(b) statement with the clerk of courts, opining that the appellant bears some burden to allege that the order was not received. Similarly, in **Commonwealth v. Davis**, 867 A.2d 585 (Pa.Super. 2005) (*en banc*), we remanded for proper service of a Rule 1925 statement due to appellate counsel's representation that he never received an order directing him to file a statement. We explicitly noted that the appellate brief responded to the trial judge's claim that a Pa.R.A.P. 1925(b) statement was ordered.

> Michael Wallace, Esquire, an experienced and highly regarded trial attorney, stated in his brief that he never received any request for a Rule 1925(b) statement. He also added that if he did in fact get one and did not respond, that would be ineffectiveness.
>
> Although perhaps it might have been better if Mr. Wallace had also filed an affidavit to that effect, we accept the statement in the brief, as he is an officer of the court. **The brief was his first opportunity to respond to the trial judge's statement in the 1925(a) opinion that Wallace had failed to file a court-ordered Rule 1925(b) statement**.

*Id*. at 587 (emphasis added). Taken together, then, our cases mandate that the failure to file a Rule 1925 statement results in waiver unless the appellant recognizes, if not explains, that failure at the first opportunity. Herein, even assuming that the order requiring a statement was not received, Appellant was on notice that the PCRA court deemed all issues waived in its opinion. In this regard, we note that the opinion was sent to Appellant via certified mail. Thus, consistent with **Lord** and its progeny, we are constrained to find that Appellant has waived all issues. **But see Commonwealth v. Chester**, --- A.3d ---, 2017 WL 2200744 (Pa.Super. May 19, 2017) (holding that the failure to file a concise statement did not require a finding of waiver under **Lord**, without discussing whether the appellate brief raised the issue, due to the fact that the docket failed to indicate the date of service of the order requiring the statement).

Next, we examine whether this matter should be remanded. In **Commonwealth v. Halley**, 870 A.2d 795 (Pa. 2005), a PCRA case, our Supreme Court held that **counsel's** failure to file a Pa.R.A.P. 1925(b) statement on direct appeal is equivalent to the unjustified failure to file an appeal at all, and is therefore presumptively prejudicial. Thus, the PCRA petitioner was entitled to have his direct appeal rights reinstated due to direct appeal counsel's failure to file the required statement. Subsequently, in **Commonwealth v. West**, 883 A.2d 654 (Pa.Super. 2005), a claim arising on direct appeal, we held that **Halley** logically extended to appellate

counsel's failure therein to file a Rule 1925 statement and, as a matter of judicial economy, we remanded for a proper filing instead of deferring the claim to the PCRA. Thus, "Where counsel has failed to file a substantive Concise Statement, the most effective means of restoring the defendant's appellate rights is to remand for counsel to file a Concise Statement." *Id*. Rule 1925 was amended in 2007 to codify the **West** procedure.

> **(c) Remand.**
>
> (1) An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.
> . . . .
>
> (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.
> . . . .

Pa.R.A.P. 1925(c).

Herein, the Rule 1925(c)(3) procedure clearly does not apply to Appellant since he represents himself, must follow all rules, and cannot assert his own ineffectiveness. **See Hill**, **supra** at 494 ("[A]ppellants and their counsel are responsible for complying with the Rule's requirements."). Thus, we cannot remand this matter pursuant to that provision.

Nor do we find that Rule 1925(c)(1) authorizes a remand under these circumstances. The statutory text refers to the concise statement as a proper noun, which is defined in Pa.R.A.P. 1925(b):

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa.R.A.P. 1925(b). Hence, the reference to Statement in Rule 1925(c)(1) likewise refers to the concise statement itself, and not the judge's order to file said statement. Accordingly, the (c)(1) remand provision expressly extends only to a determination "as to whether a Statement had been filed and/or served or timely filed and/or served." Pa.R.A.P. 1925(c)(1). Notably absent is an authorization to remand for a determination as to whether the **order** requiring the statement was ordered and/or received. While we would not entirely preclude the possibility of a remand to determine that question, we find that a necessary precondition for a remand is that the appellant raises the issue at the first opportunity. This holding is consistent with our precedents. "[I]f Rule 1925 is not clear as to what is required of an appellant, **on-the-record actions taken by the appellant aimed at compliance** may satisfy the Rule[.]" **Hill**, **supra** at 494; **Davis**, **supra** (noting that the failure to file the statement was raised at the first opportunity); **Hess**, **supra** at 1255, n.9 ("We stress that our decision today in no way suggests that a party's failure to file a Rule 1925(b) statement will be excused based merely upon bald allegations that the party did not receive a 1925(b) order."). Since a bald allegation is not enough, it necessarily

- 10 -

follows that the lack of any allegation cannot serve. Since Appellant has failed to acknowledge his non-compliance at the first opportunity, we decline to remand, and we deem all issues waived.

Finally, we note that Appellant's claims, even if properly preserved, would not warrant relief. Our standard of review is well-settled. We review the order to determine whether the findings of the PCRA court are supported by the record and free of legal error. ***Commonwealth v. Treiber***, 121 A.3d 435, 444 (Pa. 2015) (citation omitted). The court's credibility findings are to be accorded great deference and are binding where supported by the record. ***Id.*** (citation omitted). However, we afford no deference to its legal conclusions, which we review *de novo* with a plenary scope of review. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*) (citing ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa.Super. 2012)).

Appellant's first issue claims that the evidence was legally insufficient to sustain the convictions for simple assault by physical menace and robbery when no serious injury was actually inflicted. On direct appeal, Appellant challenged the sufficiency of the evidence, albeit with respect to whether the Commonwealth established that he threatened or put the victim in fear of injury. Appellant did not raise this current claim as one of ineffective assistance of appellate counsel challenging the adequacy of counsel's representation, *i.e,* counsel should have advanced the alternative argument instead. ***See Commonwealth v. Collins***, 888 A.2d 564 (Pa. 2005)

(ineffective assistance of appellate counsel claim challenges the adequacy of representation rather than the conviction itself). In short, it appears that Appellant is attempting to present the claim as if it were being raised for the first time on appeal, as opposed to channeling the claim through ineffective assistance of appellate counsel. Hence, Appellant is not entitled to relief and the PCRA court correctly denied relief on this ground.

Next, Appellant avers that the PCRA court erred "by finding trial counsel's brief for weight of evidence claim to be correct procedurally where no claim was raised at all." Appellant's brief at unnumbered 7. Appellant refers to our observation on direct appeal that his weight of the evidence claim mistakenly failed to concede that sufficient evidence supported the verdict, and therefore failed to provide a separate argument to support his weight claim. Appellant claims, in cursory fashion, that "If counsel had [properly raised the claim], Appellant's convictions would have called for a new trial." Appellant's brief at 11. However, Appellant's argument ignores that we proceeded to render a decision on the merits. "Upon review of the record, we conclude that the trial court did not abuse its discretion in denying Appellant's weight claim." ***Burden***, ***supra*** at *5. Therefore, we examined the weight of the evidence claim notwithstanding the defect and Appellant cannot establish prejudice, since the outcome would clearly not have changed on direct appeal had the claim been properly presented. ***See Commonwealth v. Busanet***, 54 A.3d 35, 66 (Pa. 2012) (rejecting

- 12 -

ineffective assistance of appellate counsel claim "for lack of prejudice as we conclude that the outcome of [the] direct appeal would not have been different").

Finally, Appellant raises a free-standing claim that using juvenile adjudications in calculating the prior record score is unconstitutional. We will assume for ease of discussion that this claim implicated the legality of the sentence and was not waived. In **Commonwealth v. Bonner**, 135 A.3d 592 (Pa.Super. 2016), we held that it does not violate the proportionality principles of the Eighth Amendment to use juvenile adjudications. Therefore, this claim would not entitle him to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/21/2017</u>