J-S11011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                                        :           PENNSYLVANIA
                                                                            :

          v.                                                                      :
                                                                          :

TONY BURTON                                          :
                                                                           :

             Appellant                    :     No. 832 EDA 2018

Appeal from the PCRA Order Entered March 14, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005522-2012

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                 **FILED JUNE 07, 2019**

Appellant, Tony Burton, appeals from the order denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-9546. For the following reasons, we remand for the service of a time-stamped copy of the Pa.R.A.P. 1925(b) statement upon the PCRA judge and the filing of a PCRA court opinion pursuant to Pa.R.A.P. 1925(a).

The PCRA court summarized the procedural history of this case as follows:

> On June 27, 2014, this [c]ourt sentenced [Appellant] to five to ten years incarceration for possession of a firearm by a prohibited person and a consecutive one to two years incarceration for carrying a firearm without a license. On September 29, 2014, this [c]ourt denied his Motion to Reconsider his sentence and his Suppression Motion. [Appellant] appealed and the Superior Court affirmed on January 12, 2016. Commonwealth v. Burton, 136 A.3d 1029 (Pa. Super. 2016)(table). On October 2016, the Supreme Court denied his

Petition for Allowance of Appeal. Commonwealth v. Burton, 160 A.3d 763 (Pa. 2016) (table).

[Appellant] filed a *pro se* PCRA Petition on December 22, 2016. On July 18, 2017, appointed counsel filed an Amended Petition. This [c]ourt determined that the issues raised in the Amended Petition were without merit. Pursuant to Pennsylvania Rule of Criminal Procedure Rule 907, a letter was sent to [Appellant] via certified mail to advise [Appellant] that his request for post-conviction relief would be denied/dismissed without further proceedings within 20 days. The Amended Petition was denied on March 14, 2018.

On March 22, 2018, this [c]ourt received Notice that [Appellant] appealed to the Superior Court of Pennsylvania from the Order entered on March 14, 2018. On March 27, 2018, this [c]ourt issued an Order requiring [Appellant] to file **and provide the undersigned with a time stamped copy** of a Statement of Matters Complained of on Appeal no later than 21 days from the entry of the Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. To date, this [c]ourt has not received [Appellant's] Statement of Matters Complained of on Appeal.

PCRA Court Amended Opinion, 6/15/18, at 1-2 (emphasis added). The PCRA court then stated that "[Appellant's] failure to timely file and serve his 1925(b) statement has resulted in the waiver of all issues on appeal." *Id*. at 2.

Appellant now presents the following issues for our review:

I. Whether the [c]ourt erred in ruling Appellant's claim is waived for failure to timely file a 1925(b) Statement of Matters Complained on Appeal.

II. Whether the court erred in not granting relief on the PCRA petition alleging Trial/Appellate Counsel was ineffective.

Appellant's Brief at 8.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the

PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

We first consider the ramifications of the PCRA court's allegations that Appellant failed to file a Pa.R.A.P. 1925(b) statement. We are mindful that, in ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived. In ***Commonwealth v. Butler***, 812 A.2d 631 (Pa. 2002), the Court further expanded on the ***Lord*** holding, stating that waiver automatically applies when a Pa.R.A.P. 1925(b) statement is not filed or if an issue is not included in the Pa.R.A.P. 1925(b) statement, even when the question of waiver has not been raised by the other party, and even when the trial court has chosen to overlook the failure by addressing the issues it assumed would be raised. However, our Supreme Court amended Pa.R.A.P.

1925 and added a procedure for appellate courts to rectify a criminal appellant's failure to file a Pa.R.A.P. 1925(b) statement.

The pertinent part of the amended rule is found in subsection (c)(3), and provides as follows:

**(c) Remand.–**

* * *

(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). In addition, the Explanatory Note to subsection (c)(3) provides the following guidance:

This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement. It is thus narrower than (c)(2) …. Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, **because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and 'clear' ineffectiveness.** ***See***, ***e.g.***, ***Commonwealth v. Halley***, 582 Pa. 164, 172, 870 A.2d 795, 801 (2005); ***Commonwealth v. West***, 883 A.2d 654, 657 (Pa. Super. 2005). Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and *per se*, the court in ***West*** recognized that **the more effective way to resolve such *per se* ineffectiveness is to remand for the filing of a Statement and opinion.** ***See West***, 883 A.2d at 657.

Pa.R.A.P. 1925 at Note (2007) (emphases added). Accordingly, notwithstanding the decisions in ***Lord*** and ***Butler***, pursuant to the amended version of Pa.R.A.P. 1925, the failure by counsel to serve a Pa.R.A.P. 1925(b)

- 4 -

statement, as ordered, is presumptively prejudicial and clear ineffectiveness, and this Court is directed to remand for the filing of a Pa.R.A.P. 1925(b) statement with the trial judge, *nunc pro tunc*, and for the preparation and filing of an opinion by the lower court.

Moreover, in **Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa. Super. 2009) (*en banc*), this Court declared, "The complete failure to file a 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." We explained in **Burton** that "under the amended rule, the remedy now for failure to file a 1925 concise statement is remand to allow *nunc pro tunc* filing of the statement." **Id**. at 431.

Appellant has stated in his brief that he "disagrees with the [PCRA c]ourt's determination due to the electronic filing of such document that occurred on April 5, 2018 at 7:49 a.m." Appellant's Brief at 13. Our review of the certified record reflects that Appellant filed his Pa.R.A.P. 1925(b) statement with the clerk of court's on April 5, 2018, and the item was docketed on that date. Although the PCRA court entered an order on March 28, 2018, that directed Appellant to serve a time stamped copy of the Pa.R.A.P. 1925(b) statement with the PCRA judge, there is no indication that Appellant complied with that portion of the PCRA court's order. Hence, we conclude that Appellant properly filed the 1925(b) statement with the clerk of courts, but neglected to serve a time stamped copy on the PCRA judge.

Thus, we are convinced that the failure of Appellant's counsel to serve upon the PCRA judge a time stamped copy of the Pa.R.A.P. 1925(b) statement as directed amounts to *per se* ineffectiveness. Consequently, we are compelled to remand for Appellant's counsel to serve upon the PCRA judge a time-stamped copy of the Pa.R.A.P. 1925(b) statement *nunc pro tunc* within ten days of the date of this memorandum, and for the preparation of a Pa.R.A.P. 1925(a) opinion by the PCRA court, to be filed with this Court within forty-five days thereafter.[1]

Case remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/19

---

[1] ***See Commonwealth v. Scott***, 952 A.2d 1190, 1192 (Pa. Super. 2008) (retaining jurisdiction when remanding for the filing of a Pa.R.A.P. 1925(b) statement and preparation of a trial court opinion).