**Rule 1925. Opinion in Support of Order.**

\*　　\*　　\*

　　(c)　　*Remand.*

　　　　(1)　　An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.

　　　　(2)　　Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing **or service** *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion.　If an appellant has a statutory or rule-based right to counsel, good cause shown includes a failure by counsel to file **or serve** a Statement timely or at all.

　　　　(3)　　If an appellant represented by counsel in a criminal case was ordered to file **and serve** a Statement and **either** failed to do so**,** or **untimely** filed **or served** a**[n untimely]** Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing **or service** of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

　　　　(4)　　**[In a criminal case] If counsel intends to seek to withdraw in a criminal case pursuant to *Anders/Santiago* or if counsel intends to seek to withdraw in a post-conviction relief appeal pursuant to *Turner/Finley*,** counsel **[may] shall** file of record and serve on the judge a statement of intent to **[file an *Anders/Santiago* brief] withdraw** in lieu of filing a Statement.　If**[, upon review of the *Anders/Santiago* brief,]** the appellate court believes **[that]** there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court **[may] shall** remand for the filing **and service** of a Statement **pursuant to Pa.R.A.P. 1925(b)**, a supplemental opinion pursuant to Pa.R.A.P. 1925(a), or both.　Upon remand, the trial court may, but is not required to, replace **an** appellant's counsel.

\*　　\*　　\*

**Official Note:**

\*　　\*　　\*

Subparagraph (c)(1): This subparagraph applies to both civil and criminal cases and allows an appellate court to seek additional information—whether by supplementation of the record or additional briefing—if it is not apparent whether an initial or supplemental Statement was filed and/or served or timely filed and/or served.

Subparagraph (c)(2): This subparagraph allows an appellate court to remand a civil case to allow an initial, amended, or supplemental Statement and/or a supplemental opinion. *See also* 42 Pa.C.S. § 706. In 2019, the rule was amended to clarify that for those civil appellants who have a statutory or rule**[s]**-based right to counsel (such as appellants in post-conviction relief, juvenile, parental termination, or civil commitment proceedings) good cause includes a failure of counsel to file a Statement or a timely Statement.

Subparagraph (c)(3): This subparagraph allows an appellate court to remand in criminal cases only when an appellant, who is represented by counsel, has completely failed to respond to an order to file **and serve** a Statement or has failed to do so timely. It is thus narrower than subparagraph (c)(2). *See, e.g.*, *Commonwealth v. Burton*, 973 A.2d 428, 431 (Pa. Super. 2009); *Commonwealth v. Halley*, 870 A.2d 795, 801 (Pa. 2005); *Commonwealth v. West*, 883 A.2d 654, 657 (Pa. Super. 2005). *Per se* ineffectiveness applies in all circumstances in which an appeal is completely foreclosed by counsel's actions, but not in circumstances in which the actions narrow or serve to foreclose the appeal in part. *Commonwealth v. Rosado*, 150 A.3d 425, 433-35 (Pa. 2016). *Pro se* appellants are excluded from this exception to the waiver doctrine as set forth in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998).

Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and *per se*, the court in *West* recognized that the more effective way to resolve such *per se* ineffectiveness is to remand for the filing of a Statement and opinion. *See West*, 883 A.2d at 657; *see also Burton* (late filing of Statement is *per se* ineffective assistance of counsel). The procedure set forth in *West* is codified in subparagraph (c)(3). As the *West* court recognized, this rationale does not apply when waiver occurs due to the improper filing of a Statement. In such circumstances, relief may occur only through the post-conviction relief process and only upon demonstration by the appellant that, but for the deficiency of counsel, it was reasonably probable that the appeal would have been successful. An appellant must be able to identify *per se* ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate *per se* ineffectiveness is entitled to a remand. Accordingly, this subparagraph does not raise the concerns addressed in *Johnson v. Mississippi*, 486 U.S. 578, 588-89 (1988) (observing that where a rule has not been consistently or regularly applied, it is not—under federal law—an adequate and independent state ground for affirming petitioner's conviction.)

Subparagraph (c)(4): **[This subparagraph clarifies the special expectations and duties of a criminal lawyer. Even lawyers seeking to withdraw pursuant to the**

procedures set forth in *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009) are obligated to comply with all rules.  However, because a lawyer will not file an *Anders/Santiago* brief without concluding that there are no non-frivolous issues to raise on appeal, this amendment allows a lawyer to file, in lieu of a Statement, a representation that no errors are asserted because the lawyer is (or intends to be) seeking to withdraw under *Anders/Santiago*.  At that point, the appellate court will reverse or remand for a supplemental Statement and/or opinion if it finds potentially non-frivolous issues during its constitutionally required review of the record.]

*See Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009); *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).  These procedures do not relieve counsel of the obligation to comply with all other rules.