J-S26026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY EDWARD HOSLER | : | |
| | : | |
| Appellant | : | No. 99 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 13, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0002137-2016

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED: JANUARY 6, 2023**

Harry Edward Hosler (Appellant) appeals *pro se* from the judgment of sentence entered in the Schuylkill County Court of Common Pleas, following the revocation of his probation pursuant to a 2020 guilty plea to criminal trespass.[1] After careful review, we remand this case pursuant to Pennsylvania Rule of Appellate Procedure 1925(c)(3).

We summarize the relevant factual and procedural history as follows. On June 30, 2020, Appellant pleaded guilty to one count of criminal trespass. On July 12, 2021, while Appellant was serving an 18 month term of probation related to the above guilty plea, Pottsville Police Department Detective Joseph Krammes obtained a search warrant for a home on East Market Street in

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3503(a)(1)(ii).

Pottsville, Pennsylvania in relation to a burglary. **See** N.T. Revocation, 12/13/21, at 3-4. Appellant listed this home as his address with the office of probation. **Id.** at 12; County of Schuylkill Adult Probation/Parole Department Conditions Governing Probation, 7/14/2020, at 1 (unpaginated). While searching the home, Detective Krammes located a digital scale, sandwich bags, and methamphetamines in a room Appellant shared with his former girlfriend. N.T. at 4-5. Detective Krammes arrested both Appellant and his former girlfriend. **Id.** at 5.

Appellant was charged with possession with intent to distribute (PWID), possession of a controlled substance, and possession of drug paraphernalia.[2] Due to these charges, the Office of Probation/Parole filed a motion to revoke Appellant's probation. **See** Motion to Revoke Probation, 12/3/21.

On December 13, 2021, the trial court held a revocation hearing where the Commonwealth presented, *inter alia*, the above testimony of Detective Krammes. Appellant also testified at the proceeding. N.T. at 12, 14. The trial court revoked Appellant's probation[3] and resentenced him to a term of 12 to 24 months' incarceration.

Appellant then filed a timely counseled notice of appeal. On January 13, 2022, the trial court ordered Appellant to file a statement of errors complained

---

[2] 35 P.S. §§ 780-113(a)(32), (a)(30), (a)(16), respectively.

[3] During the hearing, the court also revoked Appellant's parole regarding an unrelated matter that is listed at Docket No. CP-54-CR-0000852-2020. That case is not subject to this appeal.

of on appeal pursuant to Pa.R.A.P. 1925(b) within 25 days — February 7th. The trial court served notice of this order on Appellant's revocation counsel, who remained counsel of record. Notably, Appellant's counsel did not file a Rule 1925(b) statement. Instead, on February 1, 2022, six days before the concise statement was due, counsel filed a petition to withdraw with this Court.[4] After remanding the matter to the trial court for a **Grazier**[5] hearing, it granted counsel's petition on February 14, 2022. **See** Trial Court's Response to Superior Court Order of Feb. 3, 2022, 2/14/22.[6]

Meanwhile, Appellant filed a litany of *pro se* motions in the trial court, which were stayed pending this Court's disposition on appeal. **See** Appellant's *Pro Se* Motion for "Habious Corpes [sic] (Suppression of Evidence)," 1/18/22; Appellant's *Pro Se* Motion for "Sentence Modification," 1/21/22; Appellant's *Pro Se* "Motion to Dismiss," 1/27/22; Appellant's *Pro Se* Motion for "Suppression of Evidence," 1/28/22; Appellant's *Pro Se* "Motion to Dismiss,"

---

[4] Relatedly, counsel did not file a Pa.R.A.P. 1925(c)(4) statement of intent to withdraw in lieu of a concise statement. **See** Pa.R.A.P. 1925(c)(4) (where counsel intends to withdraw from representation, they shall file a statement of intent to withdraw in lieu of a Rule 1925(b) statement, allowing any arguably meritorious claims to withstand waiver).

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) (requiring on the record inquiry to determine whether waiver of counsel is knowing, intelligent, and voluntary).

[6] From the record before us, it does not appear that Appellant was re-notified that he needed to file a timely *pro se* Rule 1925(b) statement, nor was he informed he risked waiver for not filing any statement at all.

1/28/22; Appellant's *Pro Se* Motion for "Grounds for Mistrial," 1/28/22; Appellant's *Pro Se* Motion for "Modification of Sentence," 1/28/22; Appellant's *Pro Se* "Motion to Compell," 3/9/22; Appellant's *Pro Se* "Motion of Relief," 3/9/22; Appellant's "Motion of Relief," 5/4/22; **see also** Order, 4/14/22 (staying Appellant's *pro se* motions pending this Court's disposition on Appellant's appeal).

On March 16, 2022, the trial court issued its Pa.R.A.P. 1925(a) opinion, finding Appellant waived all issues on appeal because he did not file a concise statement, and therefore, it was "not in a position to address whatever issues Appellant . . . may be raising on appeal." Trial Ct. Op. 3/16/22, at 2 (unpaginated). Further, it submitted that should Appellant file a Rule 1925(b) statement, it would be deemed untimely and waived. **Id.** We disagree.

Generally, the failure to file a court-ordered 1925(b) statement results in a waiver of all issues on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (explaining Rule 1925(b) is a bright-line rule and any claims not raised in the statement will be waived). However, we note the following exception to the general rule: "The complete failure to file the [Rule] 1925 concise statement [by counsel] is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." **Commonwealth v. Thompson**, 39 A.3d 335, 339 (Pa. Super. 2012) (citation omitted). Where counsel is ineffective for failing to file a concise statement,

- 4 -

Pa.R.A.P. 1925(c)(3) directs that this Court may provide the following remedy:

> If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).[7]

Here, on January 13, 2022, the trial court ordered Appellant to file a Rule 1925(b) statement within 25 days — February 7th. At that time, Appellant was still represented by revocation counsel. Though Appellant's attorney filed his petition to withdraw on February 1st — before the deadline for filing a concise statement — he remained Appellant's counsel of record

---

[7] The note to Rule 1925(c)(3) further explains:

> This subparagraph allows an appellate court to remand in criminal cases only when an appellant, who is represented by counsel, has completely failed to respond to an order to file and serve a Statement or has failed to do so timely. It is thus narrower than subparagraph (c)(2). *See, e.g., Commonwealth v. Burton*, 973 A.2d 428, 431 (Pa. Super. 2009); *Commonwealth v. Halley*, 870 A.2d 795, 801 (Pa. 2005); *Commonwealth v. West*, 883 A.2d 654, 657 (Pa. Super. 2005). *Per se* ineffectiveness applies in all circumstances in which an appeal is completely foreclosed by counsel's actions, but not in circumstances in which the actions narrow or serve to foreclose the appeal in part. *Commonwealth v. Rosado*, 150 A.3d 425, 433-35 (Pa. 2016).

Pa.R.A.P. 1925(c)(3), note.

until the trial court granted his petition on February 14, 2022, which was after the deadline for filing a concise statement. ***See*** Pa.R.Crim.P. 120(B)(1) (providing counsel may only withdraw his or her appearance by leave of court); ***Commonwealth v. Librizzi***, 810 A.2d 692, 693 (Pa. Super. 2002) (stating that once counsel enters his appearance, he must "diligently and competently represent the client until his or her appearance is withdrawn" and counsel may not withdraw his representation until granted leave by the court) (citation omitted).

Revocation counsel never complied with the trial court's order to file a Rule 1925(b) statement before the trial court granted his petition to withdraw, and did not even file a Rule 1925(c)(4) statement. As mentioned above, the trial court determined that Appellant had waived any type of claim on appeal based on the failure to file a concise statement. Trial Ct. Op. at 1-2. As such, counsel's action, or lack thereof, completely foreclosed Appellant's appeal. ***See*** Pa.R.A.P. 1925(c)(3), note. Counsel effectively abandoned Appellant, which we conclude amounts to *per se* ineffectiveness. ***See*** Pa.R.A.P. 1925(c)(3); ***Commonwealth v. West***, 883 A.2d 654, 657-58 (Pa. Super. 2005) (where counsel failed to file a substantive concise statement, they have effectively abandoned their client). Therefore, in accordance with Rule 1925(c)(3), we remand this appeal for the filing of a Rule 1925(b) statement *nunc pro tunc* with the trial court within 30 days of this memorandum and for the preparation of an opinion by the trial court 30 days thereafter. ***See*** Pa.R.A.P. 1925(c)(3); ***Thompson***, 39 A.3d at 339.

Case remanded for further proceedings consistent with this memorandum. Jurisdiction retained.